Auto-Owners appeals from an order, in a declaratory judgment action, finding that there was no substantial and material lack of cooperation on the part of its insured, to assist in the defense of a suit for damages. We affirm.
Ronnie Brannon operated an automobile garage in Geneva County, and as an adjunct, bought and sold used cars. He was insured by Auto-Owners under a garage liability policy, the subject of the declaratory action. While negotiating with a garage customer, John Doss McKinney, for the purchase of a certain automobile, Brannon loaned McKinney another owned by him. McKinney, operating the borrowed car, in a downpour of rain, lost control and skidded into an automobile driven by Jack Rodgers on June 17, 1975. Donna Frye Rodgers was a passenger in that automobile. The Rodgers filed damage suits against Brannon and McKinney on October 15.
Rodgers' insurer, State Farm Mutual Automobile Insurance Co., investigated the accident. When State Farm learned of the Brannon policy, its adjuster notified Auto-Owners. Auto-Owners adjuster telephoned McKinney who was, at that time, in a hospital recuperating from the injuries he received in the accident. (Even though McKinney was hospitalized for 5 weeks, no one representing Auto-Owners called upon him.) Auto-Owners, after McKinney was discharged, telephoned his home three times between 9:00 A.M. and 5:00 P.M. and each time was told by his grandmother that McKinney worked from early in the morning until after 8:00 P.M. At each call, the caller requested the grandmother to have McKinney call the Auto-Owners' office presumably during its office hours. He did not return any calls. Having no success with his telephone calls, Auto-Owners' adjuster went to the McKinney residence. Finding no one at home, he left his card in the door. Subsequently, the Branch Claims Manager in Pensacola, MacDonald, wrote to McKinney on three occasions, September 18, October *Page 718 
1, and October 27. The letters were sent by certified mail, return receipt requested, with McKinney accepting all but the last letter. On October 27, Auto-Owners wrote McKinney advising him that the company was disclaiming any coverage under the policy. McKinney refused to accept delivery of the letter. No effort was made by Auto-Owners to talk with McKinney after the suits were filed.
At the hearing on the declaratory judgment action McKinney testified, when asked the question if he would defend the suit, that he would tell what happened. At his deposition, on August 27, 1976, McKinney testified that he was now ready, willing, and able to cooperate in the defense of the action against him.
The trial court found that "the conduct of John Doss McKinney did not amount to a lack of cooperation in any substantial or material respect."
An insured's lack of cooperation must be substantial and material to cause a breach of the policy condition. George v.Employers' Liability Assurance Corporation, Ltd. of London,England, 219 Ala. 307, 122 So. 175 (1929). Was there a substantial and material lack of cooperation on the part of McKinney in this case? That is the principal issue here.
Auto-Owners' letter of September 18 to McKinney advised him that its adjuster had tried, but failed, to get his statement of the accident, and moreover, that the garage policy covering Brannon required his cooperation. An appointment for him to meet the adjuster was set for September 24, at noon, in Hartford. A copy of the letter dated September 18 to Brannon advising him of his cooperation was also sent to McKinney.
The October 1 letter to McKinney reminded him of his failure to keep the September 24 appointment, and requested him to call the insurer collect, during normal business hours within 10 days. (A reading of McKinney's testimony produces a doubt that he would understand the meaning of normal business hours.) The October 27 letter advised McKinney of the company's disclaimer of coverage.
We opine that McKinney's conduct regarding these letters is insufficient to amount to a substantial and material lack of cooperation. There was neither an offer to pay McKinney's expenses to Hartford, nor pay him for any loss of wages; the appointment was arbitrarily set for the convenience of the company; McKinney was given no alternative as to his convenience, and he was given no alternative to appear on another date that would have been convenient for him.
As for the telephone calls and visits to McKinney's home, the evidence shows that those appear to have been made at the convenience of the insurer. The adjuster was told that McKinney worked from early in the morning until after 8:00 P.M., but all of the visits, as well as the phone calls, came between the hours of 9:00 A.M. and 5:00 P.M. There was neither an effort by the company to call or visit McKinney at his place of employment, nor any calls or visits after McKinney returned from work. We opine that McKinney's conduct in this area did not constitute a breach of the policy.
Lastly, Auto-Owners argue that it has been prejudiced by McKinney's alleged breach of the policy. First, the company says that it is practically impossible to locate witnesses. We answer by asking, assuming McKinney had been killed in the accident, would the company be released from its obligation to defend, just because McKinney was not present to give the names of witnesses. Obviously not. Moreover, McKinney suffered a broken neck plus other injuries received in the accident. Furthermore, the company had access to the police report of the accident, and it could have taken the Rodgers' deposition. Here were two methods to discover names of witnesses.
The reasoning of the company as to prejudice on this ground is without merit. *Page 719 
Next, the company contends prejudice because it did not know whether McKinney had coverage under a policy of his. This contention is also without merit. Auto-Owners specifically disclaimed coverage because of lack of McKinney's cooperation. Therefore, it has waived all other grounds of forfeiture.American Automobile Insurance Co. v. English, 266 Ala. 80,94 So.2d 397 (1957).
We hold that the evidence supports the trial court's finding that McKinney's conduct did not amount to a lack of cooperation in any substantial or material respect.
AFFIRMED.
BLOODWORTH, EMBRY and BEATTY, JJ., concur.
JONES, J., concurs in the result.
TORBERT, C.J., and MADDOX, ALMON and SHORES, dissent.