ON RETURN TO REMAND
This cause was remanded to the trial court in order for the State to present sufficient evidence that the appellant had violated the terms of his probation, because the evidence on which the revocation had originally been based was hearsay.Hall v. State, 681 So.2d 247 (Ala.Cr.App. 1995). This court also ordered the trial court to enter written findings concerning its specific reasons for revoking the appellant's probation.
The record indicates that a hearing was held pursuant to the appellant's probation revocation on May 30, 1995. The transcript of that hearing indicates that the officer from the Elmore County probation office who had prepared the report on the appellant and who had tested the appellant for marijuana and cocaine, was present and testified. The witness stated that he had administered the Anabuse screen test and that the appellant tested positive for the presence of cocaine. The witness stated that the test is manufactured by Roche Diagnostic Systems, which states that the test is accurate 99% of the time. The witness further testified that he had been given one day of training in administering the test. The witness testified that this test is approved by the Alabama Board of Probations and Paroles.
The appellant objected to the reliability of the test. The trial court then asked whether the appellant was denying that he had used or had been around marijuana or *Page 252 
cocaine immediately before the screening, and defense counsel responded affirmatively. However, the trial court noted that the appellant had previously admitted to the trial court that he had been around narcotics around the time the test was given. Defense counsel indicated that she was unaware that the appellant had made such a statement. The appellant submitted two exhibits that appear in the record on return to remand. These exhibits are an article explaining the Anabuse screen test for cocaine published by Roche Diagnostic Systems and an affidavit by the appellant apparently alleging ineffectiveness of counsel by his attorney at the prior hearing at which his probation had been revoked and alleging that the evidence presented at that hearing had been insufficient. The evidence presented by the State at the probation revocation hearing on remand was sufficient to support the revocation. The standard of proof in probation revocation hearings is not the same as that in a criminal trial. It is to the "reasonable satisfaction" rather than beyond a reasonable doubt or by a preponderance of the evidence. Ex parte Belcher, 556 So.2d 366,368-69 (Ala. 1989). Moreover, the trial court properly entered written findings of facts concerning its reasons for revoking the appellant's probation.
AFFIRMED.
All judges concur.