On August 20, 1998, Labron David Chenault pleaded guilty to 12 counts of the fraudulent use of a credit card. On October 16, 1998, he was sentenced to four years' imprisonment on each count, with those sentences to run concurrently. The sentences were split, and the court ordered that the time Chenault had served before sentencing would be the term of incarceration under the split sentence. The court placed Chenault on four years' supervised probation. One of the probation conditions was that Chenault submit to random drug testing while on probation.
The record reveals that Chenault admitted to his probation officer that he had used both marijuana and cocaine on December 2, 1999. (R. 9.) The probation officer informed Chenault that if he tested positive for cocaine in the future his probation would be revoked. (R. 9) On December 20, 1999, Chenault tested positive for marijuana and cocaine, and, subsequently, a probation revocation hearing was held. Chenault's probation was revoked. This appeal follows. We remand with instructions.
 I.
Chenault contends that the evidence presented to the trial judge was unreliable and insufficient as a basis on which to revoke the defendant's probation. Specifically, he argues that 1) the probation officer was not shown to be qualified to administer, interpret, read, and understand, the drug screen administered on Chenault, or to testify as to that drug screen; 2) the probation officer did not exclude the possibility *Page 316 
of other substances in the defendant's body that may have caused a positive reaction to the drug screen; and 3) the probation officer was allowed to testify as to the results of the drug screen administered on Chenault and was not made to produce copies of said results.
"`This court has previously held that a probation revocation hearing is not criminal in nature, and therefore neither formal procedures nor formal rules of evidence need be followed by the trial court.'" Allen v. State, 644 So.2d 45, 46 (Ala.Crim.App. 1994) (quoting Armstrong v. State, 445 So.2d 573, 574-575
(Ala.Crim.App. 1984)); Thompson v. State, 356 So.2d 757
(Ala.Crim.App. 1978); Goodrum v. State, 418 So.2d 942
(Ala.Crim.App. 1982)). Formal procedures and the application of strict rules of evidence are not required in probation revocation hearing. See Allen, 644 So.2d at 46.
"`All that is required of the trial judge in a probation revocation hearing is that the court be reasonably satisfied therefrom of the truth of the charge.'" James v. State,686 So.2d 1290, 1295 (Ala.Crim.App. 1996) (quoting Allen v. State,644 So.2d 45, 45-46 (Ala.Crim.App. 1994)). See also Allen,644 So.2d at 46. At the probation revocation hearing, Chenault's probation officer, Rodney Peak, testified that on December 20, 1999, he administered a drug screen to Chenault. Chenault tested positive for marijuana and cocaine. Peak maintains that the drug test was issued by the Alabama Board of Pardons and Paroles and that the same test was administered statewide. Peak, asserting that his training in administering the test consisted of reading the brochure supplied with the test, testified as to how the test works. Moreover, Peak stated that he had been using this test for approximately six or eight months, and that he had testified in other cases regarding the test. The probation officer stated that, although he did not have the actual test results with him, the results could be produced. The probation officer also testified that he had knowledge about how long cocaine can stay in a person's system from being a probation and parole officer, and from reading pamphlets and reference information. (R. 18.)
The evidence presented by the State at the probation revocation hearing was sufficient and reliable enough to support the revocation. "The standard of proof in probation revocation hearings is not the same as in a criminal trial. It is to the `reasonable satisfaction' rather than beyond a reasonable doubt or by a preponderance of the evidence." Hall v. State,681 So.2d 251, 252 (Ala.Crim.App. 1996) (citing Ex parte Belcher,556 So.2d 366, 368-69 (Ala. 1989)).
 II.
Chenault also maintains that the trial court's revocation order failed to make a written statement or to state for the record the evidence relied upon in revoking his probation, as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975). Although Chenault failed to raise this issue in the lower court, "an objection to the adequacy of the written order revoking probation need not be raised at trial to be preserved for appellate review." Wright v. State, 717 So.2d 444, 445
(Ala.Crim.App. 1998) (citing Puckett v. State, 680 So.2d 980, 983
(Ala.Crim.App. 1996)).
At the conclusion of the revocation hearing, the trial court simply said, "[Chenault's] probation is revoked." (R. 27.) The trial court's written revocation order states: "Probation revoked. Defendant ordered delivered to proper authorities for execution of sentence." (C. 9.)
"In accordance with Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762
(Ala. 1992), before probation can be revoked, an Alabama trial court must provide a written *Page 317 
order stating the evidence and the reasons relied upon to revoke probation." Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App. 1997). "These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct." T.H.B. v. State, 649 So.2d 1323,1324 (Ala.Cr.App. 1994).
The trial court failed to set forth its reasons for revoking Chenault's probation, and the order failed to specify the evidence the court relied upon. This court has consistently held that general recitations by the trial court that it considered the "testimony and arguments of counsel," "testimony of the defendant," "sworn testimony," "testimony in open court," are insufficient to satisfy the due process requirements of Armstrong. See James v. State, 729 So.2d 364 (Ala.Crim.App. 1998); Rutledge v. State, 689 So.2d 1002 (Ala.Crim.App. 1996); Rivers v. State,689 So.2d 990 (Ala.Crim.App. 1996); Jones v. State,671 So.2d 770 (Ala.Crim.App. 1995).
We therefore remand this cause to the trial court with directions that it produce a written statement stating the reason for revoking, and the evidence relied upon in revoking, Chenault's probation. A copy of the trial court's statement shall be returned to this court within 30 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur.
* Note from the reporter of decisions: On August 18, 2000, om return to remand, the Court of Criminal Appeals affirmed, without opinion.