McMILLAN, Presiding Judge.
In 1991, the appellant, Nathaniel Boyd, was convicted of burglary in the third degree and was sentenced to four years’ imprisonment; the sentence was suspended and he was placed on probation for three years. In 1992, a delinquency report was filed against the appellant by his probation officer, Kathy Whaley. The report alleged that he had violated his probation by failing to report monthly and by failing to pay court-ordered fines and supervisory fees. Although the arrest warrant was issued on January 10, 1992, it was not executed until January 9, 2001. A probation revocation hearing was held on March 7, 2001. At the hearing, the trial court heard the testimony of Rodney Peak, the officer in charge (“OIC”) of the Dothan Probation and Parole Office. Peak testified that he had been the OIC in the Dothan Probation and Parole Office since 1997; that Kathy Whaley had been the appellant’s probation officer; and that delinquency reports were records kept in the ordinary course of business in probation and parole offices. Peak acknowledged that he had no firsthand knowledge of the contents of the delinquency report. Boyd objected to the admission of the report, but the trial court overruled his objection. Based on the report, the trial court revoked Boyd’s probation; this appeal followed.
The State acknowledges that the evidence relied upon by the trial court did not form a sufficient basis on which that court could revoke Boyd’s probation. It is well settled in Alabama that a delinquency report, standing alone, constitutes hearsay evidence and is an insufficient basis for revocation. Ex parte Belcher, 556 So.2d 366 (Ala.1989); Hollis v. State, 598 So.2d 38 (Ala.Crim.App.1992).
Accordingly, because the only evidence presented by the State at the revocation hearing was hearsay, the order of the Houston Circuit Court revoking the appellant’s probation is reversed. The cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.