James Earl Richardson appeals from the trial court's revocation of his probation. On November 1, 2000, pursuant to a negotiated agreement, Richardson pleaded guilty to discharging a firearm into an occupied vehicle, a violation of § 13A-11-61, Ala. Code 1975, and to criminal mischief in the second degree, a violation of § 13A-7-22, Ala. Code 1975. Richardson was sentenced as a habitual offender to 15 years' imprisonment for the conviction for discharging a firearm into an occupied vehicle. He was sentenced to one year's imprisonment for the conviction for criminal mischief. The trial court ordered that these sentences run concurrently. The trial court suspended the sentences and placed Richardson on five years' probation.
On September 24, 2001, a delinquency petition was filed against Richardson. The report recommended that Richardson's probation be revoked on the grounds that he had been charged with trafficking in cocaine and with the unlawful possession of drug paraphernalia. On October 29, 2002, a supplement to the delinquency report *Page 124 
was filed, adding an additional ground for revocation. The supplement stated that Richardson had been charged with unlawful distribution of a controlled substance. After a hearing, the trial court revoked Richardson's probation on October 30, 2002, finding that the State had proven the probation violations alleged in the petition.
On appeal, Richardson argues that the trial court's order was inadequate because it did not specify the evidence relied upon in revoking his probation and that the trial court erroneously revoked his probation because, he says, the evidence was insufficient to support the revocation. Richardson argues that the only evidence presented at the revocation hearing was hearsay. He also argues that the evidence was insufficient because, he argues, the State did not adequately prove that a condition of probation was breached.
At the revocation hearing, the State presented one witness: Regina Gartman, a Gadsden police officer. With respect to the trafficking-in-cocaine and unlawful-possession-of-drug-paraphernalia charges, Officer Gartman testified that on September 7, 2001, a search warrant was executed at 119 Pinealice Street. Although Officer Gartman testified that she did not personally participate in the search of the residence and Richardson's arrest, she narrated the allegations set forth in the report. Twenty eight grams of cocaine and drug paraphernalia were found in the residence. Officer Gartman testified that the cocaine was found underneath the refrigerator and in a purse found during the search. Richardson was present at the residence when the search warrant was executed, and he was one of the people arrested. Officer Gartman did not know who owned the residence.
To support the unlawful-distribution charge, Officer Gartman testified that on February 5, 2002, she gave a confidential informant some money and requested that he go to a house at 1309 Stroud Avenue and purchase cocaine. No testimony was presented as to who owned or resided at this residence. Officer Gartman testified that she watched the informant go into the house. Officer Gartman listened to the transaction via a transmitter worn by the informant. The transaction was recorded on an audiotape. When the informant left the house, he gave Officer Gartman the substance he had purchased, which was determined to be cocaine. Officer Gartman testified that the informant told her that the person selling the cocaine was "Jamie" Richardson. Officer Gartman could not positively identify one of the voices on the audiotape as that of Richardson's. The money used for the sale was not recovered. Richardson was not arrested until May 2002.
In Goodgain v. State, 755 So.2d 591, 592 (Ala.Crim.App. 1999), this Court stated:
 "It is well settled that hearsay evidence may not form the sole basis for revoking an individual's probation. See Clayton v. State, 669 So.2d 220, 222 (Ala.Cr.App. 1995); Chasteen v. State, 652 So.2d 319, 320 (Ala.Cr.App. 1994); and Mallette v. State, 572 So.2d 1316, 1317
(Ala.Cr.App. 1990). `The use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine the persons originating information that forms the basis of the revocation.' Clayton, 669 So.2d at 222."
In this case, the only evidence indicating that Richardson had violated his probation by committing other crimes was Officer Gartman's hearsay testimony. With respect to the distribution charge, the only evidence indicating that Richardson was involved in the sale was Officer Gartman's testimony that the confidential *Page 125 
informant told her that the person who sold him the cocaine was Richardson. With respect to the trafficking and unlawful-possession-of-drug paraphernalia charges, Officer Gartman's testimony was based on assertions in a police report of which she had no independent knowledge. Officer Gartman's testimony based on the police report was hearsay. See Ex parte J.J.D., Jr., 778 So.2d 240, 242 n. 2 (Ala. 2000) ("[T]he only evidence presented by the State in support of the allegation that J.J.D. had received stolen property was hearsay testimony about the contents of the offense report related to that charge."). Thus, the only evidence presented against Richardson in this hearing was hearsay. Because probation cannot be revoked solely upon hearsay evidence, the trial court erred when it revoked Richardson's probation and the judgment in this case is due to be reversed.
Furthermore, this Court has stated:
 "'While it is not necessary that a probationer be convicted of the charged offense before his probation is revoked, it is nevertheless true that the filing of charges or an arrest, standing alone, is insufficient ground for probation revocation. Nicholson v. State, 440 So.2d 1205
(Ala.Crim.App. 1983); Free v. State, 392 So.2d 857 (Ala.Crim.App. 1980), writ denied, Ex parte Free, 392 So.2d 859, cert. denied, 451 U.S. 990
[101 S.Ct. 2329, 68 L.Ed.2d 850], rehearing denied, 452 U.S. 973
[101 S.Ct. 3129, 69 L.Ed.2d 985] (1981).
"`As this court has said:
 "'"If merely being arrested is sufficient for revocation, then revocation would lie within the discretion of police officers, rather than judicial officers. In such a case, judges would only perform the ministerial duty of determining if an arrest had been made and then signing the revocation order. The decision to revoke probation is a judicial function and should be based upon the appellant's conduct and not upon an accusation only. The State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached." Hill [v. State, 350 So.2d 716 (Ala.Cr.App. 1977)].'"
Chasteen v. State, 652 So.2d 319, 320 (Ala.Crim.App. 1994) (quotingMitchell v. State, 462 So.2d 740, 742 (Ala.Crim.App. 1984)).
While proof sufficient to support a criminal conviction is not required to support probation revocation, the State does have to present substantive evidence to reasonably satisfy the trial court that a condition of probation was breached. Ex parte J.J.D., Jr., supra. Here, Richardson did not actually possess the cocaine or drug paraphernalia. Therefore, the State had to present some evidence that Richardson had constructive possession of the cocaine or drug paraphernalia to reasonably satisfy the trial court that Richardson committed the drug-trafficking offense and/or the offense of unlawful possession of drug paraphernalia. The State had to show that Richardson had knowledge of the controlled substance and drug paraphernalia. Meeker v. State,801 So.2d 850 (Ala.Crim.App. 2001). Knowledge may be inferred from the accused's exclusive possession, ownership, and control of the premises.Id. Where the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that he had knowledge of the contraband unless there are additional independent facts and circumstances that connect the defendant to the contraband. Id. This connection can be established by circumstantial evidence such as the following: (1) evidence that no other person could have *Page 126 
possessed the contraband; (2) evidence that the defendant had substantial control over the particular place where the contraband was found; (3) a defendant's oral admissions or conduct that evidences a consciousness of guilt; (4) evidence that debris from the contraband was found on the defendant's person or with his or her personal effects; or (5) evidence that indicates that the defendant had either used the contraband shortly before his or her arrest or was under its influence. Id.
In this case, the State did not prove who owned the residence that was searched. Richardson was not in exclusive possession of the residence in which the contraband was found. The record reveals that several people were present at the time of the search. No testimony was presented indicating that Richardson admitted knowledge of the contraband or that he acted in a manner that evidenced a consciousness of guilt. No testimony established that there was contraband or debris from the contraband found on Richardson. No testimony was presented indicating that Richardson used the contraband shortly before his arrest or was under its influence. The only evidence linking Richardson to the contraband was his presence in the residence where the contraband was found. Therefore, the State failed to present any evidence, other than the fact Richardson was arrested, to reasonably satisfy a trier of fact that Richardson had committed the offenses for which he was arrested. Thus, even if Officer Gartman's testimony about the search of the residence and Richardson's subsequent arrest had not constituted hearsay, the evidence was insufficient, and the trial court erred when it revoked Richardson's probation.
Finally, we note that the trial court's order is deficient in that it lacks a written statement of the evidence relied upon and the reasons for revocation.
 "'In accordance with Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975), and Wyatt v. State, 608 So.2d 762 (Ala. 1992), before probation can be revoked, an Alabama trial court must provide a written order stating the evidence and the reasons relied upon to revoke probation.' Trice v. State, 707 So.2d 294, 295 (Ala.Crim.App. 1997). `These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.' T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Cr.App. 1994)."
Chenault v. State, 777 So.2d 314, 316-17 (Ala.Crim.App. 2000).
Because the State failed to present any evidence other than the hearsay testimony of Officer Gartman indicating that Richardson had in fact committed the offenses, the trial court erred in revoking Richardson's probation. Accordingly, the trial court's order revoking Richardson's probation is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
McMILLAN, P.J., and SHAW and WISE, JJ., concur; BASCHAB, J., concurs in part and dissents in part, without opinion. *Page 127