The appellant, Kenny Laroy Beckham, appeals from the circuit court's revocation of his probation. The record indicates that on October 21, 1999, Beckham pleaded guilty to possession of cocaine. He was sentenced to five years' imprisonment; the sentence was subsequently suspended and Beckham was placed on supervised probation for five years.
On August 14, 2002, Beckham's probation officer filed a delinquency report, alleging that Beckham had violated the terms and conditions of his probation, namely, that he had been arrested and charged with a number of new offenses — distribution of crack cocaine, possession of cocaine and possession of marijuana. On September 13, 2002, the circuit court held a probation-revocation hearing, after which Beckham's probation was revoked. This appeal followed.
On appeal, Beckham contends that the circuit court's revocation of his probation should be reversed because, he says, (1) the State failed to provide him with possible exculpatory information; (2) the State failed to provide him with notice of the charge pertaining to the sale of powder cocaine; (3) the State's evidence supporting the charge of distribution of crack cocaine was based solely on hearsay; (4) the State's proof that the substances were, in fact, crack cocaine, powder cocaine, and marijuana was based solely on hearsay; and (5) the circuit court failed to provide a written order or statement on the record of the evidence relied upon and the reasons for revoking probation.
First, Beckham claims that the State failed to provide him with possible exculpatory information. Specifically, he contends that the prosecutor refused to provide audiotapes of drug transactions involving Beckham. In Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), the Alabama Supreme Court held that the due-process requirements of Gagnonv. Scarpelli, 411 U.S. 778 (1973), provide that the State must disclose to a probationer the evidence to be used against him at the revocation hearing. Thus, a determination as to whether the State must disclose evidence to the probationer depends on whether the evidence will be used against him during the revocation hearing. Here, the audiotape made of the drug transaction between Beckham and the confidential informant was not used against Beckham in the revocation hearing; rather, Officer Patrick McKean testified that he listened to the transaction via a transmitter worn by the confidential informant. Thus, error, if any, in the State's failure to provide the audiotape to Beckham was harmless. A probationer is entitled to minimum standards of due process, but not the higher standards of a formal trial. Williams v. State, 673 So.2d 829, 830
(Ala.Crim.App. 1995).
Beckham next alleges that "the State failed to provide [him] with notice of the alleged sale of powder cocaine on June 15, 2002." Beckham is correct in his assertion; however, our review of the record reveals that the trial court based its decision to revoke Beckham's probation strictly on the three charges contained in the delinquency report, not upon additional charges mentioned during the revocation hearing. (R. 15-16, 22.) As a result, written notice of the claimed violations of parole used to revoke Beckham's probation was provided, as required byGagnon, Armstrong, and Wyatt v. State, 608 So.2d 762 (Ala. 1992). Thus, this allegation also fails. *Page 211 
Beckham also claims that the State's evidence supporting the June 8, 2002, charge of distribution of a controlled substance, specifically crack cocaine, was based solely on hearsay. While hearsay evidence is admissible in a revocation proceeding, it may not serve as the sole basis of the revocation. See Goodgain v. State, 755 So.2d 591 (Ala.Crim.App. 1999); Clayton v. State, 669 So.2d 220, 222 (Ala.Crim.App. 1995). As discussed above, Officer McKean testified that he listened to the drug transaction as it took place, via a transmitter worn by the informant, and then took into custody the crack cocaine that the informant purchased from Beckham. He stated that the tape contained the voice of three individuals, "[o]ur informant, another individual . . ., and, from the informant, the Defendant." (R. 31.) Officer McKean testified that he could not, at that particular time, tell that it was Beckham's voice on the recording and that he relied on the informant to identify Beckham. Thus, the only evidence that Beckham was involved in the sale of crack cocaine was Officer McKean's hearsay testimony that the informant told him that Beckham was the seller. Because hearsay testimony may not form the sole basis for the revocation of probation, the trial court erred when it revoked Beckham's probation on this particular charge. However, because there was sufficient evidence that Beckham had violated his probation by committing other crimes, namely possession of cocaine and possession of marijuana, any error in using this charge is harmless.
Beckham next claims that the State failed to prove that the substances in question were, in fact, controlled substances, namely, crack cocaine, powder cocaine, and marijuana. This specific issue is raised for the first time on appeal.
 "The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Cr.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App. 1992). This Court `has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held.' Puckett, 680 So.2d at 983."
Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). This Court has also held that a defendant can raise for the first time on appeal the allegation that the trial court erred in failing to advise him of his right to request an attorney to represent him during probation-revocation proceedings. See Law v. State, 778 So.2d 249, 250 (Ala.Crim.App. 2000). Because Beckham did not present this claim below, and because it is not one of the three exceptions that the Court has recognized that can be raised for the first time on appeal, nothing has been preserved for review.
Moreover, even had Beckham preserved the issue for review, "[t]he Supreme Court of Alabama, in Armstrong v. State, 294 Ala. 100, 104,312 So.2d 620, 624 (1975), stated `on revocation hearings, the standard of proof is not reasonable doubt or preponderance of the evidence, butreasonable satisfaction from the evidence.'" Lindsey v. State,768 So.2d 408, 412 (Ala.Crim.App. 1998) (footnote omitted). Because probation itself is an act of grace, a probation-revocation hearing does not require all the formalities of a criminal trial. Peoples v. State,807 So.2d 608, 609 (Ala.Crim.App. 2001). Here, Officer McKean, a narcotics investigator with the Mobile Police Department, testified that based upon his knowledge and experience as a trained *Page 212 
narcotics officer, the substances in question, were, in his opinion, cocaine and marijuana.
Lastly, Beckham asserts that the order revoking his probation was insufficient. Although this issue is raised for the first time on appeal, it is one of the three exceptions to the general preservation requirement and, therefore is properly before this Court for review.
Before probation can be revoked, the circuit court must provide a written order stating the evidence and the reasons relied upon to revoke probation in order to comply with the due-process requirements of Gagnonv. Scarpelli, supra. Wyatt v. State, 608 So.2d 762 (Ala. 1992); Armstrongv. State, supra. While the circuit court's order on revocation adequately states the reasons for revoking Beckham's probation, the order fails to adequately specify the evidence it relied upon. This Court has consistently held that "general recitations by the trial court to its consideration of the `testimony,' `sworn testimony,' or `relevant and competent evidence' presented at the revocation hearing to be insufficient for purposes of satisfying the `statement of the evidence relied upon' requirement of Armstrong." James v. State, 729 So.2d 364,365 (Ala.Crim.App. 1998).
Based on the foregoing, we remand this cause for the circuit court to enter a new order reflecting the evidence relied upon, as well as the reasons for revoking Beckham's probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB and SHAW, JJ., concur.
BASCHAB, J., concurs in the result.