The appellant, Sha Tauvius Nash, appeals from the circuit court's revocation of his probation. On April 19, 2004, Nash pleaded guilty to one count of possession of marijuana in the first degree, a violation of § 13A-12-213, Ala. Code 1975, and one count of failure to affix tax stamps, a violation of § 40-17A-4, Ala. Code 1975. The court sentenced Nash to concurrent terms of 10 years' imprisonment on each conviction; however, the court suspended the sentences and placed Nash on 2 years' supervised probation.
Nash's probation officer filed a delinquency report against Nash, recommending that his probation be revoked.[1] An entry on the case action summary dated March 3, 2005, stated that Nash "was declared delinquent for changing his address without consent of probation officer and failure to avoid injurious or vicious habits." (C. 2.) A subsequent entry on the case action summary dated March 9, 2005, suggests that a supplemental delinquency report was filed. That entry noted: "[Nash] appeared before the Court and was declared delinquent for being arrested on new charges and changing residence or employment without permission." (C. 3.) After a revocation hearing, the circuit court revoked Nash's probation on May 5, 2005, finding that the State had proven the probation violations previously alleged. That court's revocation order stated: *Page 787 
 "Defendant appeared before the court with his attorney, Bruce Maddox, for the purpose of a revocation hearing. Probation Officer Reginald Carter testified that defendant had been arrested on new offenses of Distribution of a Controlled Substance. He stated that on three occasions, the defendant sold a quantity of marijuana to an informant. Officer Carter further testified that as a condition of his probation defendant was not to change his residence or employment without consent of his probation officer. He stated that when he asked the defendant for his correct address he provided an address that was his mother's home. Cpl. R. [Stillman], Montgomery Police Dept., Narcotics Unit, who is the case agent on the new offenses, testified that he was told that he could buy drugs from the defendant and that three controlled `buys' were made by a confidential informant from the defendant. He stated that the informant bought drugs from the defendant on 5/28/04 in the 4500 block of Wimbleton Road, on 8/17/04 at 4016 Brighton Road, and on 2/10/05 at 4599 Dover Drive.
 "Based on the testimony of the probation officer and Cpl. [Stillman], as well as the Court having read the affidavits and warrants from the District Court, the Court finds that the defendant is in violation of his probation, and hereby revokes his probation for being charged with three new offenses of Distribution of a Controlled Substance and changing his residence without informing his probation officer, and places his ten year sentences into effect. [Nash] to be given credit for any time served on this offense."
(C. 3.) This appeal followed.
On appeal, Nash argues that the circuit court erred in revoking his probation because, he says, the evidence presented regarding the three probation violations was insufficient to support the revocation. Additionally, Nash argues that the only evidence presented at the revocation hearing was hearsay. Nash preserved this matter for review by objecting to the sufficiency of the State's evidence on these grounds at the conclusion of the revocation hearing.
At the revocation hearing, the State presented the testimony of two witnesses. The State's first witness was Nash's probation officer, Reginald Carter, who read into the record the portion of Nash's delinquency report setting out the charges against Nash:
 "Charge number one, violation of condition number one, do not violate any federal, state or local law. Sha Nash has been charged with three counts of unlawful distribution of a controlled substance, which are as follows: DC-2005-721, DC-2005-722, and DC-2005-723.
 "According to Montgomery police reports, the first offense occurred 5/28/2004 at approximately 4:50 p.m. on the 4500 block of Wimbleton Road, Montgomery, Alabama. The informant was given $240 and transported to Regency Park. Informant called Nash to get directions. Nash stepped from the side door and got in the [undercover] vehicle and gave Detective Wright a quarter pound of marijuana. Informant gave Nash $240 of Montgomery Police Department buy money. Then Nash gave the informant $50 back and said that a quarter pound was only $190. Informant and Detective Wright left the area.
 "On 8/17/2004, at approximately 3:20 p.m. at 4016 Brighton Road, Montgomery, Alabama, Nash did sell a quantity of marijuana to a confidential and reliable informant. The informant used $20 drug buy money, met Sha in front of the yard and asked for a 20 set of marijuana. *Page 788 
The money and marijuana [were] exchanged, and the marijuana weighed 2.7 grams. The informant then left the area.
 "On 2/10/2005 at 11:30 p.m. at 4016 Brighton Road, Montgomery, Alabama, a confidential and reliable informant knocked on the above residence and asked for an ounce. Nash went into the bedroom and another visitor asked for a QP, which is a quarter pound of weed. Nash gave the informant a bag . . . that he stated weighed 28 grams. The informant stated that Nash had a handgun in his waistband. Also, the informant said he — stated he saw a long gun on the floor.
 "Charge number two, violation of condition number nine, do not change residence or employment without the consent of the probation officer. This officer asked Nash to state his address. He responded with 2957 Edinburgh Drive. As a result, this officer changed 2157 Edinburgh Drive to 2957 Edinburgh Drive. Title and registration documentation from the car that Nash was driving listed 2157 Edinburgh as the address of Suzanne Cole, his mother. This was the address he claimed as his home.
 "Charge number three, violation of condition number two, avoid injurious or vicious habits. On 3/1/2005, this officer executed a search warrant on the vehicle Nash was driving. Probation officers Spencer, Wilkins and Bryant, which are three different names, found six unopened bottled beers in the trunk of the car and a small digital scale in the passenger area.
 "I recommend that Nash be brought back to court and show just cause why his probation should not be revoked."
(R. 2-4.)
During cross-examination, the only additional information Carter offered regarding any of Nash's alleged probation violations concerned the charge that Nash had not avoided injurious or vicious habits. The gist of this charge was that during a search of the vehicle that Nash was driving — which was registered to Nash's mother — probation officers had found six unopened bottles of beer in the trunk and a small digital scale in the passenger area. Carter testified that there was no evidence indicating that Nash had consumed any beer and that when tested for drugs, "he came up clean." (R. 6.)
The State's only other witness was Corporal R.J. Stillman of the Montgomery Police Department. Cpl. Stillman testified that he was the case agent in the three new drug charges against Nash. Cpl. Stillman testified about the circumstances surrounding each of the three new charges against Nash. However, on cross-examination Cpl. Stillman admitted that he did not have personal knowledge of the circumstances, and that his knowledge regarding Nash's actions underlying those charges was based on hearsay.
In Goodgain v. State, 755 So.2d 591, 592 (Ala.Crim.App. 1999), this Court stated:
 "It is well settled that hearsay evidence may not form the sole basis for revoking an individual's probation. See Clayton v. State, 669 So.2d 220, 222
(Ala.Cr.App. 1995); Chasteen v. State, 652 So.2d 319, 320 (Ala.Cr.App. 1994); and Mallette v. State, 572 So.2d 1316, 1317 (Ala.Cr.App. 1990). `The use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine the persons originating information that forms the basis of the revocation.' Clayton, 669 So.2d at 222."
Here, the only evidence indicating that Nash had violated his probation by committing *Page 789 
other crimes was hearsay testimony of Carter and Stillman. SeeEx parte J.J.D., Jr., 778 So.2d 240, 242 n. 2 (Ala. 2000) ("[T]he only evidence presented by the State in support of the allegation that J.J.D. had received stolen property was hearsay testimony about the contents of the offense report related to that charge."); see also Richardson v. State, 863 So.2d 122,124-25 (Ala.Crim.App. 2003); Boyd v. State, 808 So.2d 70, 71
(Ala.Crim.App. 2001). Neither witness had any independent knowledge of the assertions contained in the police reports detailing the circumstances surrounding the three charged offenses. Thus, the only evidence presented against Nash in this hearing concerning the new charges was based solely on hearsay.
Likewise, Carter's testimony concerning Nash's failure to avoid injurious or vicious habits appears to be predicated on a search of the vehicle Nash was driving that was conducted by other probation officers. Indeed, Carter testified that to his knowledge Nash had not consumed any alcoholic beverages and that when he tested Nash for the use of drugs, "he came up clean." Accordingly, the only evidence presented against Nash in this hearing concerning the failure to avoid injurious or vicious habits was also based solely on hearsay.
The only personal knowledge Carter appears to have had regarding any of Nash's alleged probation violations concerns Nash's change of residence without the consent of his probation officer. Carter testified that he asked Nash his address and that Nash responded, "2957 Edinburgh Drive," instead of 2157 Edinburgh Drive, the address Nash previously claimed as his home — and where his mother lived.
 "`"The decision to revoke probation is a judicial function and should be based upon the appellant's conduct and not upon an accusation only. The State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached." Hill [v. State, 350 So.2d 716 (Ala.Cr.App. 1977)].'"
Chasteen v. State, 652 So.2d 319, 320 (Ala.Crim.App. 1994) (quoting Mitchell v. State, 462 So.2d 740, 742 (Ala.Crim.App. 1984)). Given the similarity of the two addresses — together with the fact that the State failed to present any evidence indicating that Nash was, in fact, living at a location other than 2159 Edinburgh Drive — the difference could be nothing more than a misheard or misunderstood response to the probation officer's question. This evidence fails to constitute sufficient substantive evidence to reasonably satisfy the trial judge that Nash had breached a condition of his probation by changing residences without the consent of his probation officer.
Because the State failed to present any evidence other than hearsay with regard to charge numbers one (commission of new offenses) and two (failure to avoid injurious and vicious habits), and insufficient evidence to reasonably satisfy the circuit court that Nash had committed charge number three (changing residences without the probation officer's consent), the circuit court erred in revoking Nash's probation. The circuit court's order revoking Nash's probation is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and SHAW, JJ., concur. BASCHAB, J., concurs in the result.
[1] The delinquency report was not included in the record on appeal. Therefore, the date this report was filed is unknown.
 *Page 497