On March 13, 2006, the Cullman Circuit Court revoked Rodney Earl Hall's probation in two cases based upon Hall's subsequent arrest for unlawful distribution of a controlled substance. Hall appealed the revocation of his probation to this Court.
The record reveals that Hall pleaded guilty to a charge of unlawful distribution of a controlled substance in August 2003; the sentence of six years' imprisonment was suspended and he was ordered to serve five years' supervised probation. In March 2004, Hall pleaded guilty to a charge of unlawful possession of a controlled substance; that sentence of five years' imprisonment was also suspended and he was ordered to serve three years' supervised probation, to run concurrently to the five-year-probationary term imposed in 2003. On January 20, 2006, a warrant was issued for Hall's arrest after the court received a delinquency report from his probation officer alleging that he had violated the terms and conditions of his probation by committing a new offense of unlawful distribution of a controlled substance. After a hearing, the trial court found probable cause to believe that Hall had violated the terms of his probation by committing a new offense and revoked Hall's probation in both cases.
On appeal, Hall contends that the trial court's revocation of his probation should be reversed because, he says, the evidence supporting the distribution charge was based solely on hearsay. Hall preserved this issue for appellate review when he objected to the revocation of his probation on the ground that the evidence in support of revocation was solely hearsay.
The State presented one witness at the revocation hearing. Randy Frost, an officer assigned to the Cullman County Narcotics Enforcement Team, testified that on or about July 29, 2005, he gave a confidential informant some money and requested that he go to an address he believed to be Hall's residence. Frost had obtained the address from Hall's driver's license. The confidential informant and his vehicle were searched before the controlled buy. The confidential informant was wired with an audio-recording device during the transaction, and Officer Frost listened to the transaction from approximately a mile and a half away as it was taking place. After *Page 93 
the informant left the residence, he met Frost at a predetermined location and gave Frost the substance he had purchased, which was determined to be cocaine. Frost testified that the informant identified Hall from photographs as the person who had sold him the cocaine. The audiotape of the transaction was not presented at the hearing. When asked at the hearing if he was basing his testimony completely on what the confidential informant told him, Frost responded that he was basing it "on what [he] heard on wiretap." (R. 9.) Even though Frost listened to the transaction as it was taking place, no testimony was presented identifying any of the voices on the audiotape as Hall's. The money used for the controlled buy was not recovered, and Hall was not arrested until the following January, six months after the controlled buy.
This Court stated in Goodgain v. State, 755 So.2d 591
(Ala.Crim.App. 1999):
 "It is well settled that hearsay evidence may not form the sole basis for revoking an individual's probation. See Clayton v. State, 669 So.2d 220, 222 (Ala.Cr.App. 1995); Chasteen v. State, 652 So.2d 319, 320 (Ala.Cr.App. 1994); and Mallette v. State, 572 So.2d 1316, 1317
(Ala.Cr.App. 1990)."
755 So.2d at 592. See Clayton v. State, 669 So.2d 220,222 (Ala.Crim.App. 1995)("The use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine; the persons originating information that forms the basis of the revocation.").
In Beckham v. State, 872 So.2d 208
(Ala.Crim.App. 2003), a delinquency report was filed against probationer Beckham alleging that he had violated the terms of his probation because he had been charged with several new drug offenses involving cocaine and marijuana. At the probation-revocation hearing, Officer Patrick McKean testified that he had monitored, by means of an audio transmitter worn by a confidential informant, a drug transaction between the informant and two other individuals. The audiotape of the transaction was not offered at the hearing. Officer McKean testified that he could not identify Beckham's voice. Thus, in order to effectuate Beckham's arrest, McKean had relied on the informant's assertion that Beckham had participated in the drug transaction and that he was one of the individuals whose voice was recorded on the audiotape. The Court concluded that "the only evidence that Beckham was involved in the sale of crack cocaine was Officer McKean's hearsay testimony that the informant told him that Beckham was the seller." Beckham v.State, 872 So.2d at 211. Thus, citing Goodgain, supra, and Clayton, supra, the Court held that "[b]ecause hearsay testimony may not form the sole basis for the revocation of probation, the trial court erred when it revoked Beckham's probation on this particular charge." Beckham v.State, 872 So.2d at 211.[1] Accord, Nash v.State, 931 So.2d 785 (Ala.Crim.App. 2005) (hearsay testimony of police officer was insufficient to prove that probationer had committed a new drug offense).
Hall's case is indistinguishable from Beckham. Here, Officer Frost monitored a drug transaction involving a confidential informant and another individual *Page 94 
by means of an audio transmitter concealed on the informant. The tape recording of the transaction was not admitted into evidence at the revocation hearing. Although Officer Frost listened to the drug transaction as it was occurring, he could not identify Hall as a participant, but he instead relied on the confidential informant's identification of Hall as a participant to arrest Hall. Thus, as in Beckham and Nash, the only evidence indicating that Hall had violated the terms of his probation by committing a new drug offense was a police officer's hearsay testimony.
Because, hearsay testimony cannot form the sole basis for revocation of probation, the trial court erred when it revoked Hall's probation. Accordingly, the trial court's order revoking Hall's probation is reversed, and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.
[1] This error was held to be harmless because other grounds for revoking Beckham's probation were proven. However, the case was remanded with directions to the circuit court to enter a new order specifying the evidence and the reasons relied on for revoking Beckham's probation. But see McCoo v. State,921 So.2d 450 (Ala. 2005) (holding that this court may determine from a review of the record whether the requirements of a statement of the evidence and the reasons for revoking probation have been presented). *Page 642