6 So.3d 559 (2008)
Quishaun Davontay BRAZERY
v.
STATE of Alabama.
CR-06-1449.
Court of Criminal Appeals of Alabama.
April 4, 2008.
Rehearing Denied May 23, 2008.
Certiorari Denied October 10, 2008 Alabama Supreme Court 1071231.
*561 Aimee C. Smith, Montgomery, for appellant.
Troy King, atty. gen., and J. Thomas Leverette, asst. atty. gen., for appellee.
WELCH, Judge.
In 2004, Quishaun Davontay Brazery was convicted of two counts of first-degree robbery, a violation of § 13A-8-41, Ala. Code 1975. For each conviction he was sentenced to 20 years' imprisonment, to be served concurrently. The sentences were split, and he was ordered to serve three years. The trial court suspended the split sentences and placed Brazery on four years' probation.
In 2007, a delinquency report was filed, along with a motion to revoke Brazery's probation, claiming that Brazery had violated the terms of his probation by committing two new offenses, including possession of a controlled substance and possession of drug paraphernalia, and by failing to maintain suitable employment. Counsel was appointed for Brazery, and a probation revocation hearing was held on April 11, 2007.
The transcript of the probation revocation hearing begins with the following:
"THE COURT: Quishaun Brazery. All right. We are here on a probation revocation.
"PROBATION OFFICER: We are here today on Quishaun Brazery. Charge number one. Do not violate any federal, state or local law. Possession of a controlled substance.
"Charge number two. Violation of condition number one. Do not violate any federal or state or local law. Possession of drug paraphernalia.
"Charge number three. Violation of condition number 6. Failure to work faithfully at suitable employment.
"Brazery was read and explained the orders and conditions of supervised probation on 11-3-04.
"As of the date of this report Brazery has failed to provide proof to this officer that he is employed.
"He was also counseled on 5-23-06 and 3-5-07 to bring the document that he was employed or that he was receiving disability.
"CORPORAL K.C. BENTLEY

"was previously sworn, testified as follows:
"DIRECT EXAMINATION

"BY MR. FOREMAN [Prosecutor]:
"Q. State your name, please.
"A. Corporal K.C. Bentley."
(Supplemental Record at R. 3-4.) Cpl. Bentley's testimony followed. She testified that she was the case agent for the new drug charges against Brazery. She testified that two other officers had observed Brazery standing next to a vehicle where he appeared to be engaged in drug activity. The officers approached Brazery, and Brazery ran. The officers saw Brazery throw a scale to the ground. They also saw a plastic bag fall out of his hand. Brazery was apprehended, and the plastic bag was retrieved. The officers believed the plastic bag contained crack cocaine. Cpl. Bentley came into contact with Brazery when Brazery was transported to the narcotics office. The plastic bag and its *562 contents were turned over to Bentley for her to perform a field test. The substance inside the plastic bag tested positive for cocaine.
During cross-examination, Cpl. Bentley admitted that she did not have personal knowledge of the circumstances and that her knowledge regarding Brazery's actions that resulted in the new charges was based on hearsay. The trial court then asked the State if there were any other witnesses. The prosecutor responded that he had no other witnesses. Once it was determined there would be no further testimony, the following occurred:
"[Defense counsel]: Your Honor, we would just object if the court is even we are going to ask the court first of all if anything, to put him in a delinquent status until the other cases are resolved. And ask the court not to revoke him since they only had hearsay testimony.
"Officer Bentley was not there and did not see what happened, and can only, you know, relate to this court what she had heard from the other officers.
"And, Your Honor
"THE COURT: Why don't we have the other officers here?
"[Prosecutor]: This is the only one that was here, Judge.
"[Defense counsel]: And, Your Honor, on the job portion, I understand their concern that he doesn't have a job but
"THE COURT: All right. Okay. Thank y'all. I will let you know."
(Supplemental Record at R. 8.)
After the hearing, the trial court revoked Brazery's probation. The entry in the case-action summary reads as follows:
"Revocation hearing. [Brazery] appeared before the Court with his attorney. The probation officer testified that [Brazery] had been arrested for a[sic] new offenses of Poss. of a Controlled Substance and Poss. of Drug Paraphernalia and failure to work. Corporal Bentley, Montgomery Police Dept., testified that on March 25, 2007, [Brazery] was arrested when he was found to be in possession of a plastic bag containing crack cocaine and a set of scales. The probation officer testified that [Brazery] had failed to work and had been counseled several times about finding employment. Based on the testimony of Corporal Bentley and probation officer Jones, court finds that [Brazery] is in violation of [h]is probation for being in possession of drugs and scales and failure to work, and hereby revokes [h]is probation and places his 3 yr. sentence into effect. To be given credit for any time served on this offense."
(Supplemental Clerk's Record at CR. 4.) This appeal followed.
On appeal, Brazery claims that the trial court erred in revoking his probation because, he says, the evidence presented was insufficient to support revocation in that the only evidence presented was hearsay. This Court has stated:
"It is well settled that hearsay evidence may not form the sole basis for revoking an individual's probation. See Clayton v. State, 669 So.2d 220, 222 (Ala.Cr.App.1995); Chasteen v. State, 652 So.2d 319, 320 (Ala.Cr.App.1994); and Mallette v. State, 572 So.2d 1316, 1317 (Ala.Cr.App.1990). `The use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine the persons originating information that forms the basis of the revocation.' Clayton, 669 So.2d at 222."
Goodgain v. State, 755 So.2d 591, 592 (Ala. Crim.App.1999).
*563 In this case, the only evidence indicating that Brazery had violated his probation by committing other crimes was hearsay testimony of Cpl. Bentley. Cpl. Bentley had no independent knowledge of the assertions contained in the police reports detailing the circumstances surrounding the two charged offenses. Thus, only hearsay evidence connected Brazery to the illegal drugs. See Beckham v. State, 872 So.2d 208, 211 (Ala.Crim.App. 2003) ("While hearsay evidence is admissible in a revocation proceeding, it may not serve as the sole basis of the revocation."); Ex parte J.J.D., 778 So.2d 240, 242 n. 2 (Ala.2000) ("[T]he only evidence presented by the State in support of the allegation that J.J.D. had received stolen property was hearsay testimony about the contents of the offense report related to that charge."); see also Richardson v. State, 863 So.2d 122 (Ala.Crim.App.2003).
The State argues that since Cpl. Bentley conducted the field test on the substance found in the plastic bag, some of her testimony was not hearsay. Although that is correct, the nonhearsay portion of her testimony did not in any way connect the tested drugs to Brazery; thus, it did not constitute sufficient evidence to revoke Brazery's probation based on the new drug charges.
"While it is not necessary that a probationer be convicted of the charged offense before the probation is revoked, it is nevertheless true that the filing of charges or an arrest, standing alone, is insufficient ground for probation revocation." Mitchell v. State, 462 So.2d 740, 742 (Ala.Crim.App.1984). "`The State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached.'" Mitchell v. State, 462 So.2d at 742 (quoting Hill v. State, 350 So.2d 716, 718 (Ala.Crim. App.1977)).
In addition, the State contends that even if the trial court erred in revoking Brazery's probation on the ground that he committed new offenses, Brazery's probation could still be revoked on the probation officer's testimony that Brazery had failed to maintain suitable employment. We disagree.
The probation officer's comments were made before the hearing began and were intended merely to inform the circuit court and the defendant of the charges underlying the delinquency report. The comments were comparable to reading an indictment before or during opening statements; however, an indictment is not considered to be evidence against a defendant. See Wiggins v. State, 347 So.2d 543, 545 (Ala.Crim.App.1977) (it is not improper to read an indictment to jury, but the indictment is not evidence against the defendant); see Mitchell, supra (filing charges alone is insufficient to revoke probation).
Presiding Judge Baschab, in her dissent, contends that the circuit court could properly revoke Brazery's probation on the ground that he had not maintained suitable employment because, she argues, Brazery did not object to the probation officer's statements; thus, the statements were properly before the court. Presiding Judge Baschab reaches this conclusion by relying on long-standing precedent that the "[f]ormal procedures and the application of strict rules of evidence are not required in [a] probation revocation hearing." Chenault v. State, 777 So.2d 314, 316 (Ala.Crim.App.2000). However, the proposition of law cited in Chenault is not so broad as to admit as evidence comments by a probation officer who is not called as a witness and who is not sworn. Black's Law Dictionary defines a witness as: "[o]ne who gives testimony under oath or affirmation (1) in person, (2) by oral or *564 written deposition or (3) by affidavit." Black's Law Dictionary 1633 (8th ed.2004). Under the facts here, the probation officer was not called, sworn, or questioned. The probation officer was not called as a witness, and the record does not reflect that his comments were made under oath. Nor were they made in response to a question.[1] Brazery had no reason to believe that the circuit court would treat the comments as evidence until he received the order revoking his probation.[2]
Therefore, the probation officer's comments in this case cannot be considered evidence. It defies logic to conclude that Brazery should have objected to evidence that, in fact, was never presented.
Because the State failed to present any evidence other than hearsay with regard to the charge that Brazery had committed new offenses, and no evidence to reasonably satisfy the circuit court that Brazery had failed to maintain suitable employment, the circuit court erred in revoking Brazery's probation. The circuit court's order revoking Brazery's probation is reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SHAW, J., concurs.
WISE, J., concurs in the result. BASCHAB, P.J., dissents, with opinion, joined by McMILLAN, J.
BASCHAB, Presiding Judge, dissenting.
I concur with the conclusion in the main opinion that the circuit court improperly revoked the appellant's probation on the ground that he had committed new offenses because the State presented only hearsay evidence that he had committed the new offenses. However, I respectfully disagree with the conclusion that this case must be reversed because there was not any evidence to support the revocation of his probation on the ground that he had not maintained suitable employment.
The main opinion concludes that the probation officer's statements regarding the allegation that the appellant had not maintained suitable employment did not constitute testimony because the officer "was not called as a witness, and the record does not reflect that his comments were made under oath" and that the circuit court's reliance on the officer's statements during the revocation hearing violated the appellant's right to confront and cross-examine witnesses. 6 So.3d at 564. However,
"`"a probation revocation hearing is not criminal in nature, and therefore neither formal procedures nor formal rules of evidence need be followed by the trial court."' Allen v. State, 644 So.2d 45, 46 (Ala.Crim.App.1994) (quoting Smith v. State, 445 So.2d 573, 574-575 (Ala.Crim. App.1984)); Thompson v. State, 356 So.2d 757 (Ala.Crim.App.1978); Goodrum v. State, 418 So.2d 942 (Ala.Crim. App.1982). Formal procedures and the application of strict rules of evidence are *565 not required in [a] probation revocation hearing. See Allen, 644 So.2d at 46."
Chenault v. State, 777 So.2d 314, 316 (Ala. Crim.App.2000). The appellant did not object to the probation officer's statements during the revocation hearing and did not attempt to question the probation officer regarding those statements. Also, he did not present his argument that he was denied the right to confront and cross-examine the probation officer to the circuit court. Because the appellant did not challenge the probation officer's statements during the revocation hearing, those statements were properly before the circuit court.
"`"The fact that evidence which is introduced in a case may be, if objected to, incompetent evidence under some one or more exclusionary rules of evidence does not destroy its probative effect, if it is admitted without objection." Smith v. State, 40 Ala. App. 600, 119 So.2d 202, cert. denied, 270 Ala. 741, 119 So.2d 203 (1960).'
"Watson v. State, 398 So.2d 320, 325 (Ala.Cr.App.), writ denied, 398 So.2d 332 (Ala.), cert. denied, 452 U.S. 941, 101 S.Ct. 3085, 69 L.Ed.2d 955 (1981)."
Johnson v. State, 642 So.2d 528, 530 (Ala. Crim.App.1994).
The main opinion asserts that "Brazery had no reason to believe that the circuit court would treat the comments as evidence until he received the order revoking his probation" and that "[i]t defies logic to conclude that Brazery should have objected to evidence that, in fact, was never presented." 6 So.3d at 564. However, even after the circuit court entered it written revocation order, Brazery did not file a motion to reconsider challenging the circuit court's reliance on the probation officer's statements or the sufficiency of the evidence to support the revocation of his probation on the ground that he had not maintained suitable employment. Rather, he raises these arguments for the first time on appeal.
Additionally, the main opinion states that the probation officer's statements at the beginning of the revocation hearing "were comparable to reading an indictment before or during opening statements" and notes that an indictment cannot be used as evidence against a defendant. 6 So.3d at 563. However, this comparison ignores the fundamental difference between a trial and a revocation hearing. As a general rule, an indictment is not admissible as substantive evidence of the guilt of the accused. In contrast, a delinquency report can be admissible as substantive evidence during a revocation hearing. The law states only that the report cannot be the sole basis for revoking a defendant's probation. Further, this is not a case in which the circuit court relied solely on a report or the fact that the probation officer filed a report. Rather, the circuit court relied on the probation officer's in-court statements. Therefore, the analogy in the main opinion regarding the reading of an indictment is unavailing.
For these reasons, any error in revoking the appellant's probation on the ground that he had committed new offenses was harmless. See Rule 45, Ala. R.App. P. Accordingly, I respectfully dissent.
McMILLAN, J., concurs.
NOTES
[1] The delinquency report is not included in the record. Even if a sworn delinquency report had been contained in the record, it, like an indictment, is not proof of guilt. See Mitchell v. State, 462 So.2d at 742 ("the filing of charges or an arrest, standing alone, is insufficient ground for probation revocation")
[2] Additionally, Brazery had no reason to object to the probation officer's comments because the comments accurately reflected why the probation officer had filed a delinquency report against Brazery. Because the probation officer was not a witness, Brazery had no opportunity to object or to question the probation officer regarding the basis of the charges.