WELCH, Judge,
dissenting.
The majority reverses the trial court’s judgment revoking Sams’s probation based on a determination that Sams had violated the terms of his probation by committing a new criminal offense — contributing to the delinquency or dependency of a child, or causing a child to be in need of supervision. The majority holds that the trial court erred because the only evidence establishing that the victim, D.M.D., was a minor, a necessary element of the crime of contributing to the delinquency of a minor, was Officer Dalton Francis’s hearsay testimony that D.M.D. was 16 years old when he found her in the bedroom with Sams. The majority concludes that “hearsay evidence formed the sole basis for the circuit court’s finding that Sams had violated the terms of his probation by committing the criminal offense of contributing to the delinquency of a child.” 48 So.3d at 663.
I agree with the majority that a judgment revoking probation cannot be based solely on hearsay. E.g., Brazery v. State, 6 So.3d 559 (Ala.Crim.App.2008); Nash v. State, 931 So.2d 785 (Ala.Crim.App.2005); Goodgain v. State, 755 So.2d 591 (Ala.Crim.App.1999). However, that established rule of law does not apply in this case; therefore, reversal based on that rule is not necessary. Rule 27.6(d)(1), Ala. R.Crim. P., provides that the judge must be reasonably satisfied from the evidence that a violation of the conditions of probation occurred. The rule also states that, in a probation-revocation hearing, “[t]he court may receive any reliable, relevant evidence not legally privileged, including hearsay.” (Emphasis added.) A revocation of probation does not require proof beyond a reasonable doubt, as is required to sustain a criminal conviction, and the use of hearsay evidence to sustain that lower level of proof in a revocation proceeding is clearly anticipated. The reason any evidence — whether direct or hearsay — is presented at a revocation hearing is to assist the trial court in making a determination • about whether it is reasonably satisfied that the alleged probation violation occurred. Clearly, hearsay evidence is permitted as a part of the evidence necessary to make that determination.
In this case, although evidence about D.M.D.’s age was hearsay, the revocation was not based solely on that hearsay. Officer Francis had independent knowledge of the remainder of the elements of the allegations against Sams, and he provided testimony about those elements. For example, Officer Francis testified that D.M.D. was a runaway; that he and other officers had found D.M.D. with Sams in an apartment the night before she ran away; and that on the night she ran away again, Officer Francis returned to the apartment with other officers and found the juvenile in a bedroom with Sams. Sams was wearing only boxer shorts and, according to Officer Francis, it appeared that D.M.D. had just gotten out of bed when the officers entered the room. Officer Francis further testified that he observed that the bathroom window was broken and that broken glass was inside the bathroom.
Although Officer Francis’s testimony that the juvenile was 16 years old was hearsay, direct evidence established that *665 Sams induced, aided, or encouraged the child in her efforts to run away from the custody of her guardian and that, as a result, the child became delinquent, dependent, or in need of supervision; direct evidence established other elements of the crime of contributing to the delinquency of a child. Therefore, the trial court’s revocation was not based solely on hearsay. The majority appears to hold implicitly that each element of the charge underlying a revocation violation must be established by direct evidence and not by hearsay. That result is not mandated by either Rule 27, Ala. R.Crim. P., or by any caselaw.
The trial court’s judgment revoking Sams’s probation was not based solely on hearsay, and it was due to be affirmed. Therefore, I respectfully dissent.