Charles Derek PHELPS, Appellant,

v.

STATE of Texas, Appellee.

No. 01–81–0767–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 11, 1982.

Rehearing Denied May 20, 1982.

Bruce Neill Smith, Beaumont, for appellant.

E.D. McKinney, Jr., Galveston, for appellee.

Before EVANS, C.J., and DOYLE and STILLEY, JJ.

STILLEY, Justice.

Appellant was placed on probation for ten years for the offense of manufacture of a controlled substance and ordered to pay a fine of $5,000 over the term of probation. After a hearing, the court revoked probation on the basis of association with a disreputable person and reduced the term to five years, from which order appellant brings this appeal.

At the hearing on the motion to revoke probation, two Beaumont police officers testified to the events surrounding appellant's association with a disreputable person, named in the motion to be Donald Lee Laudig. Officer Singletary testified that on August 2, 1978, he assisted in the arrest of several people, including appellant and Donald Lee Laudig, for manufacturing methamphetamine at a beach house in Crystal Beach, Texas. (The offense for which appellant was placed on this probation) He further testified that on October 16, 1980, he assisted in the execution of a search warrant at the home of Donald Lee Laudig during which Laudig and his spouse, Sondra Laudig, were arrested. Detective Singletary further testified that during the execution of the search warrant appellant came to the door alone, was searched, and arrested at a time subsequent to the arrest of Donald and Sondra Laudig.

The testimony of Officer Roy Beck was inconsistent in that he alleged a different date, October 23, 1980, as the occasion a search warrant at Laudig's residence was executed. He further testified that appellant drove up, came to the front door, and was met by a police officer who placed appellant under arrest for possession of marihuana (The marihuana possession was not alleged in the motion to revoke). The officer testified that appellant stated "... he came over to visit a friend," for no stated reason.

Appellant did not testify, nor did he present any witnesses.

Appellant alleges an abuse of discretion by the trial court in revoking his probation for lack of evidence to show that Donald Laudig was in fact a person of disreputable

**24**

character, or that appellant in fact associated with a person of disreputable character.

The evidence offered to show Donald Lee Laudig's disreputable character consists of Laudig's arrest on August 2, 1978, and his arrest on October 23, 1980—contemporaneous with appellant's "association" with Laudig. Although the State alleges in its brief that a conviction of Laudig was established, a review of the record does not reflect a showing of Laudig's conviction for either offense. There was also an absence of any testimony that Laudig was a person of disreputable character.

■ It has been held by the Court of Criminal Appeals that even if an associate is shown to be disreputable, the State must also show that the probationer knew of the disreputable and harmful character of such a person. *Shortnacy v. State,* 474 S.W.2d 713 (Tex. Cr. App. 1972). In addition, the evidence must show that the probationer was more than merely in their presence, *Steed v. State,* 467 S.W.2d 460 (Tex. Cr. App. 1971).

■ The evidence offered to show appellant's knowledge of Laudig's disreputable character was limited to appellant's presence with Laudig in 1978, when Laudig was arrested. Again, no evidence was offered to show that appellant knew Laudig had been previously convicted of anything, if indeed he had been convicted. Nor did the evidence show that appellant was aware that Laudig was involved in the alleged criminal activity for which Laudig was arrested on October 23, 1980. It was not shown that appellant had ever previously visited the Florida Street residence in Beaumont, where Laudig apparently resided.

Finally, the only evidence offered to show that appellant associated with Laudig was the testimony that appellant arrived at Laudig's front door. "... to visit a friend." Appellant, in fact, never did visit or "associate" with Laudig as appellant was arrested at the front door by the police officer who answered the door. There was no evidence offered as to whom that friend may have been, whether it was Donald Lau-

dig, his wife Sondra, or some third person appellant expected to find there. Although we may presume appellant intended to associate with someone at the Laudig residence and acted on that intent by going to the residence, such "attempted association" is not prohibited by appellant's probation terms.

Viewing the evidence in the light most favorable to the State, we find it insufficient to support the alleged violation of appellant's conditions of probation and hold that the trial court abused its discretion in revoking probation. Accordingly, the revocation order is set aside and appellant's probation reinstated.