The appellant, Michael Lance Lindsey, appeals from the circuit court's revocation of his probation. On May 22, 1995, the appellant pleaded guilty to selling methamphetamine, a controlled substance, and was sentenced to seven years' incarceration. The circuit court suspended the sentence and placed the appellant on supervised probation for three years. After delinquency charges were filed against the appellant and a revocation hearing was held, the circuit court revoked his probation on April 10, 1998.
 I.
The appellant asserts that the arrest leading to his probation revocation was invalid because, he says, the arrest *Page 410 
order cited the wrong statute. The arrest order stated that the appellant had violated Title 10, § 1202, United States Code; that provision concerns disability and retirement pay, matters completely unrelated to the appellant's alleged probation violations. Obviously, the miscitation was a clerical mistake, because the order stated that there was reasonable cause to believe that the appellant had violated the section by being "in possession of a shotgun and pistol." This error in citing the statute was harmless — a probation officer may arrest a probationer without a warrant if he possesses a written statement "setting forth that the probationer has, in his or her judgment, violated the conditions of probation." § 15-22-54 (d), Ala. Code 1975. Although it cited the wrong statute as having been violated, the arrest order stated that there was reasonable cause to believe that the appellant had violated his probation. This statement was sufficient to secure the appellant's arrest.
 II.
The appellant next contends that items seized during a search of his residence should have been suppressed because the search warrant described his grandmother's residence, rather than his residence, and his residence was the one searched. However, the erroneous description of the appellant's residence was harmless because no warrant was required for the search. Pursuant to § 15-22-52, Ala. Code 1975, the appellant's probation officer was permitted to visit the appellant at his home. When the probation officer did visit the appellant, he saw bullets in plain view, giving him reasonable grounds to believe that contraband was present in the appellant's residence and making a warrantless search permissible. See Toney v. State, 572 So.2d 1308, 1311 (Ala.Cr.App. 1990).
 III.
The appellant next contends that the trial court erred by denying his motion to compel discovery. According to the appellant, the prosecution violated Gagnon v. Searpelli, 411 U.S. 778, 782 n. 4, 93 S.Ct. 1756,36 L.Ed.2d 656 (1973), by refusing to disclose the evidence against him. At trial, the prosecution introduced fingerprint evidence connecting the appellant to guns found during the search of his residence. The appellant claimed that these guns belonged to other people, despite the fact that they were found in his residence. The appellant maintains that, had the prosecution disclosed to him the fingerprint evidence before the revocation hearing, he could have consulted his own fingerprint experts and cross-examined the prosecution's experts.
The Supreme Court of Alabama has held that the due process requirements of Morrissey and Gagnon dictate that the prosecution disclose to a probationer the evidence to be used against him at a revocation hearing. Armstrong v. State, 294 Ala. 100, 312 So.2d 620, 622-23 (1975). See also Gholston v. State, 507 So.2d 1054 (Ala.Cr.App. 1987). Therefore, whether the prosecution must disclose evidence to the probationer depends upon whether the evidence is to be used against him in the revocation hearing. Because the fingerprint evidence was so used at the revocation hearing, the appellant was entitled to discovery of that evidence, and the denial of the appellant's motion to compel was error.
The denial of the appellant's motion to compel, however, was harmless error. The fingerprint evidence did not affect the circuit judge's decision to revoke the appellant's probation. As grounds for revoking the appellant's probation, the circuit judge stated in his order, "[T]he Court . . . finds from the evidence that the Defendant has violated one or more conditions of his probation in that he was in possession of 3/4 to 1 pound of marijuana located in his bedroom closet." The revocation was based solely on the appellant's possession of drugs; the order did not mention the *Page 411 
possession of firearms. Because the fingerprint evidence related only to the possession of firearms, it did not influence the circuit judge's decision regarding the possession of drugs. The appellant has not specifically argued how he was prejudiced by any failure to turn over any evidence regarding the possession of marijuana. Therefore, the denial of the appellant's motion to compel was harmless.
 IV.
The appellant finally contends that the evidence was insufficient to Support the circuit judge's finding that the had violated a condition of his probation. The sole ground stated by the circuit judge in his revocation order was that the appellant was in possession of marijuana, i.e., that marijuana had been found in his closet during a search. According to the appellant, the evidence that the appellant possessed marijuana was insufficient to support the circuit judge's finding.
The evidence presented at the revocation hearing tended to show that, during a search of the appellant's mobile home conducted two days after the appellant had been arrested and while the appellant was incarcerated, the officers found marijuana in a closet. According to the State, this evidence was sufficient to show constructive possession of the marijuana. However, the appellant maintains that he did not have exclusive control over the mobile home, and he presented evidence that other people were living in the mobile home, including his girlfriend and her son. Furthermore, he presented testimony that Lamar Harrelson was "plundering . . . all over the house." Because other people had access to his closet, the appellant maintains, the mere discovery of the marijuana in the closet does not support a finding of constructive possession.
The appellant cites Temple v. State, 366 So.2d 740 Ala.Cr.App. 1978), as support for his argument that mere discovery of drugs at someone's residence does not support the finding that that person constructively possessed the drugs when other people had equal access to the premises and no other circumstance pointing to that person's guilt existed. In Temple, the only evidence that the defendant possessed illegal drugs was the discovery of a Goody's brand headache powder packet containing a small amount of cocaine in his refrigerator. Temple presented evidence that his kitchen had recently been remodeled and that several workmen had access to the refrigerator at the time. Id. at 741. Relying on analogous liquor cases, this Court held that such evidence without more is insufficient to support a conviction for possession of drugs:
 "A review of these and numerous other cases convinces this Court that the law in Alabama is clear that where a person is in possession, but not exclusive possession of premises, it may not be inferred that he knew of the presence of any controlled substance found there unless there are other circumstances tending to buttress this inference. 56 A.L.R.3d 948, 957 (1974). See also Mulligan v. State, 513 F.2d 180 (Wyo. 1973); Feltes v. People, 178 Colo. 409, 498 P.2d 1128 (1972). This holding is simply a corollary of the presumption of innocence and the rule that to convict a person on circumstantial evidence it is necessary that the evidence exclude all rational conclusions except that of the defendant's guilt. Campbell v. State, 28 Ala. App. 240, 182 So. 89 (1938); Copeland v. State, 23 Ala. App. 91, 121 So. 445. (1929)."
Id. at 743. (Emphasis added.)
The appellant, however, was not convicted based upon the evidence that marijuana was discovered in his mobile home, but rather his probation was revoked on the basis of this evidence. The level of proof required to support a probation *Page 412 
revocation is lower than that required to support a conviction. The Supreme Court of Alabama, in Armstrong v. State, 294 Ala. 100, 104,312 So.2d 620, 624 (1975), stated "on revocation hearings, the standard of proof is not reasonable doubt or preponderance of the evidence but reasonable satisfaction from the evidence."[1] (Emphasis added.) When a probationer faces such a revocation, he has already been convicted under the beyond-a-reasonable-doubt standard and sentenced to a term based upon that conviction. Because probation itself is an act of grace, a probation revocation hearing does not require all of the formalities of a criminal trial. Williams v. State, 673 So.2d 829, 830 (Ala.Cr.App. 1995). Therefore, it is not clear that the constructive possession analysis of Temple applies to a probation revocation hearing. In fact, other jurisdictions have held that it does not. See Palmer v. State,60 Ark. App. 97, 959 S.W.2d 420 (1998) (using "preponderance of the evidence" standard); Evans v. State, 185 Ga. App. 805, 366 S.E.2d 165
(1988) (using "slight evidence" standard); Pickard v. State,152 Ga. App. 707, 263 S.E.2d 679 (1979) (using "slight evidence" standard); People v. Hawthorne, 38 Ill. App.3d 328, 347 N.E.2d 52
(1976) (using "preponderance of the evidence" standard). Although these courts applied different standards of proof, we find that the "reasonable satisfaction" standard is not a higher standard of proof than a preponderance of the evidence and hold that a circuit judge may be reasonably satisfied that a defendant violated a term of his probation when controlled substances are found on premises owned and/or possessed by the defendant, even when the defendant is not in exclusive control of such premises. Therefore, the circuit judge's finding in the present case that the appellant violated a term of his probation in that he was, in possession of marijuana was not error and is due to be affirmed.
AFFIRMED.
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.
[1] For a discussion on why the "reasonable satisfaction" standard is lower than even a "preponderance of the evidence" standard, see Wink v. State, 76 Md. App. 677, 547 A.2d 1122 (1988).