PER CURIAM.
J.J.D., Jr. (“J.J.D.”), appealed from the Mobile Circuit Court’s order revoking his probation. The Court of Criminal Appeals affirmed, by an unpublished memorandum, but with a dissenting opinion. J.J.D. v. State, 778 So.2d 239 (Ala.Crim.App.1999). We granted J.J.D.’s petition for certiorari review. Because the circuit court erred in revoking J.J.D.’s probation, we reverse and remand.
I.
In January 1999, Deputy James Mayo stopped J.J.D., who was on probation at the time, for a driving violation. J.J.D. had two passengers in the automobile at the time. Mayo searched J.J.D. and both passengers. On the female passenger, Mayo found a cigarette box containing two rock-like substances, which he thought were crack cocaine. When Mayo arrested the female passenger, she told him that the male passenger had narcotics in his shoe. A search of the shoe revealed “a crack pipe with the packing that’s normally used for crack pipes to be smoked for crack-cocaine purposes.” (R. at 5.) Mayo arrested the male passenger. Mayo then searched the rest of the car, and found a leafy substance he believed was marijuana. Mayo arrested J.J.D. for possession of marijuana.
J.J.D.’s probation officer filed a report to revoke his probation; the report stated that J.J.D. had violated his probation by being arrested for two counts of receiving stolen property,[1] by being arrested for possession of marijuana, and by “associating] with a person who has a criminal record.” The evidence presented at trial established (1) that the State nol-prossed the charges of receiving stolen property because the complaining witness failed to appear in court; (2) that J.J.D. was found not guilty of possession of marijuana, because the leafy substance seized from his car was not marijuana; and (3) that the male passenger in J.J.D.’s car had a criminal record and was on probation at the time of the arrests. The circuit court followed the probation officer’s recommendation and revoked J.J.D.’s probation.
J.J.D. appealed, arguing that the circuit court erred in revoking his probation because, he argued, the State failed to present sufficient evidence for a finding that he had violated the terms of his probation. Specifically, J.J.D. argued that the State needed to present evidence indicating that he knew that the male passenger had a criminal record. The Court of Criminal Appeals affirmed the circuit court’s judgment, by an unpublished memorandum, holding that the State did not need to present direct evidence indicating that J.J.D. had knowledge of the male passenger’s criminal record. The Court of Criminal Appeals concluded that because the State presented evidence indicating that the male passenger had a criminal record and because the police had removed controlled substances and drug paraphernalia from the passengers, “the trial court could clearly infer that [J.J.D.] was aware that *242 he was associating with ‘persons or places of disreputable or harmful character’ and ‘associating with a person who has a criminal record.’ ”
II.
J.J.D. argues that the Court of Criminal Appeals erred in concluding that the circuit court properly revoked his probation on the ground of “associating with a person who has a criminal record.”[2] Specifically, J.J.D. argues that the State failed to present sufficient evidence to support a finding that .he was aware of the male passenger’s criminal record. The Court of Criminal Appeals has stated, in explaining the evidentiary standard applicable in a probation-revocation case:
“ ‘Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime. A proceeding to revoke probation is not a criminal prosecution, and we have no statute requiring a formal trial. Upon a hearing of this character, the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt.’ ”
Martin v. State, 46 Ala.App. 310, 312, 241 So.2d 339, 341 (Ala.Crim.App.1970) (quoting State v. Duncan, 270 N.C. 241, 154 S.E.2d 53 (1967) (citation omitted)). Under that standard, the trial court need “only be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation.” Armstrong v. State, 294 Ala. 100, 103, 312 So.2d 620, 623 (1975). Absent a clear abuse of discretion, a reviewing court will not disturb the trial court’s conclusions. See Moore v. State, 432 So.2d 552, 553 (Ala.Crim.App.1983), and Wright v. State, 349 So.2d 124, 125 (Ala.Crim.App.1977).
The State, relying on Lindsey v. State, 768 So.2d 408 (Ala.Crim.App.1998), argues that it should not be required to establish that a defendant has “knowingly” violated a condition of his probation. In Lindsey, the Court of Criminal Appeals held that evidence that marijuana was discovered in a closet in the probationer’s residence was sufficient, in a probation-revocation proceeding, to support a finding that the probationer had constructively possessed the marijuana, even though he did not have exclusive control over the closet. The State’s reliance on Lindsey, however, is misplaced. The Court of Criminal Appeals did not hold in Lindsey that a defendant’s unknowing violation of probation conditions would support a revocation of the defendant’s probation. Rather, the Court of Criminal Appeals held that because the burden of proof is significantly lower in a probation-revocation proceeding than in a criminal trial, the State’s circumstantial evidence was sufficient to support a finding that the defendant had bad knowledge of the marijuana in the closet. See id.; Sims v. State, 733 So.2d 926 (Ala.Crim.App.1998) (holding that knowledge of the presence of a controlled substance is an essential element of constructive possession of that substance). While the discovery of marijuana in a location under the nonexclusive control of a defendant is sufficient to support the revocation of a defen *243 dant’s probation, the discovery of a defendant in the company of someone with a criminal record is insufficient by itself to support a finding that the defendant violated the terms of his probation. The Court of Appeals of Oregon explained, while interpreting a virtually identical probation condition:
“While this condition on its face is a rather sweeping prohibition, we think it must be read having in mind the practicalities of the probation status. The purpose of probation is to assist the probationee to become a law-abiding citizen. It can be presumed that if he associates with known criminals, his chances of rehabilitation are lessened. If then, under a condition such as this one, a revocation hearing became necessary we must assume that the court would revoke for violation only if the probationee knowingly associated with persons convicted of crimes which would be likely to adversely affect his rehabilitation. To do otherwise would be an abuse of the court’s discretion.”
State v. Allen, 12 Or.App. 455, 457-58, 506 P.2d 528, 529 (1973); accord Phelps v. State, 638 S.W.2d 23, 24 (Tex.App.1982) (“[E]ven if an associate is shown to be disreputable, the State must also show that the probationer knew of the disreputable and harmful character of such a person.”).
The Court of Criminal Appeals correctly noted that the State was not required to present direct evidence indicating that J.J.D. knew of the male passenger’s criminal record. Cf. McLaney v. City of Montgomery, 570 So.2d 881, 882 (Ala.Crim.App.1990) (holding that circumstantial evidence can be used to establish that a defendant was in the actual physical control of a vehicle); Williams v. State, 665 So.2d 955, 956 (Ala.Crim.App.1994) (holding that circumstantial evidence can be used to establish an agreement and intent); Marcus v. State, 568 So.2d 342, 345 (Ala.Crim.App.1990) (holding that circumstantial evidence can be used to establish the corpus delicti). However, if the State uses circumstantial evidence to establish that a probationer has violated a condition of his probation, the evidence must be such as to allow the trial court to reasonably infer that the violation occurred. See generally MacEwan v. State, 701 So.2d 66, 70-71 (Ala.Crim.App.1997) (“[C]ircumstantial evidence may form the proof of the corpus delicti; if facts are presented from which a jury may draw a reasonable inference that a crime has been committed, the case must be submitted to the jury.”).
In this case, the Court of Criminal Appeals, relying on Walker v. State, 552 So.2d 906, 907 (Ala.Crim.App.1989) (“The [probationer’s] unexplained possession of recently stolen property creates a rebutta-ble presumption that the [probationer] had knowledge that the property was stolen.”), concluded that the State presented evidence sufficient for the trial court to infer that J.J.D. “was aware that he was ... ‘associating with a person who has a criminal record.’ ”[3] We disagree. The evidence presented by the State indicates only that J.J.D. was in a car with a person who had a criminal record. This fact is insufficient to allow the trial court to reasonably infer that J.J.D. knew, or had reason to know, that the male passenger had a criminal record. See Prince v. *244 State, 477 S.W.2d 542, 548 (Tex.Crim.App.1972) (holding that substantially similar evidence was insufficient to show that a probationer had knowledge of the disreputable and harmful character of the persons with whom he was riding). Therefore, the circuit court erred in finding that J.J.D. had violated the terms of his probation by associating with a person with a criminal record.
III.
We reverse the judgment of the Court of Criminal Appeals and remand the case for that court to remand it for further proceedings in the circuit court consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.

. The receiving-stolen-property charges were not related to the traffic violation.

. We note that the circuit court also based its revocation of J.J.D.'s probation on his arrests for possession of marijuana and for receiving stolen property. However, the State apparently concedes that neither of those arrests supports the revocation. As the State admitted below, its own laboratory results established that the leafy substance seized from J.J.D.'s car was not marijuana or any other controlled substance. Moreover, although the fact that the State nol-prossed the receiving-stolen-property charge does not bar it from seeking to revoke J.J.D.'s probation on that ground, the only evidence presented by the State in support of the allegation that J.J.D. had received stolen property was hearsay testimony about the contents of the offense report related to that charge. Accordingly, we conclude that the State did not present sufficient evidence to support a finding that J.J.D. received stolen property. See Cornelius v. State, 733 So.2d 917, 918 (Ala.Crim.App.1998) (“It is well settled that hearsay evidence cannot form the sole basis for revoking probation.”).

. We note that the Court of Criminal Appeals also concluded that the trial court could infer that J.J.D. was aware that he was “associating with 'persons or places of disreputable or harmful character.’ ” However, the trial court did not revoke J.J.D.’s probation on that ground. In fact, the trial court could not have properly revoked J.J.D.’s probation on that ground because the report alleged only that J.J.D. had violated the terms of his probation by "associating with a person who has a criminal record.” See Hollins v. State, 737 So.2d 1056, 1057 (Ala.Crim.App.1998) ("The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation....”); Rule 27.5(a)(1), Ala. R.Crim. P. (requiring that a probationer be informed of the “alleged violation” and be furnished "with a written copy thereof”).