On Application for Rehearing

KELLUM, Judge.
This Court’s opinion issued on May 29, 2015, is withdrawn, and the following is substituted therefor.
The appellant, Carlos Benard Singleton, appeals from the circuit court’s revocation of his probation. On February 29, 2011, Singleton pleaded guilty to attempted sexual abuse of a child less than 12 years old, a violation of §§ 13A-4-2 and 13A-6-69.1, Ala.Code 1975. The circuit court sentenced Singleton to 15 years’ imprisonment; the sentence was split, and he was ordered to serve 1 year in prison followed by 5 years’ supervised probation. The circuit court ordered Singleton to pay $50 to the crime victims compensation fund and court costs.
On September 26, 2014, Singleton’s probation officer filed a delinquency report alleging that Singleton had violated the terms and conditions of his probation by testing positive for cocaine in June 2014, by fading to complete drug testing when ordered, by failing to report, by failing to participate in a scheduled “maintenance polygraph,”[1] and by failing to notify his probation officer of a change of address. (C. 21.)
The circuit court conducted a probation-revocation hearing on November 6, 2014. At the hearing, Singleton’s probation officer, Laura Vandam, testified that Singleton tested positive for cocaine on June 30, 2014. According to Vandam, Singleton also failed to report for random drug screens in July 2014 and September 2014. Vandam testified that Singleton, who was homeless, failed to report weekly as required by law, refused to complete a scheduled “maintenance polygraph” as required by the Sex Offender Management Program, and failed to report a change of his address. Singleton testified that he was in poor health and had recently been *531 hospitalized. Singleton admitted that he had used cocaine once while on probation. Singleton stated that he had stayed with his mother, who was also in poor health, for a week and a half to help her but that he did not inform his probation officer of his location when he was there. After considering the evidence presented at the revocation hearing, the circuit court entered an order on November 6, 2014, in which it revoked Singleton’s probation and ordered Singleton to serve the balance of his sentence in the custody of the Alabama Department of Corrections. This appeal followed.
I.
Singleton contends that the 15-year sentence originally imposed by the circuit court is illegal because, he argues, the sentence exceeded the maximum sentence allowed by law and grants an unauthorized term of probation under the law. Citing this Court’s decision in Enfinger v. State, 123 So.3d 535 (Ala.Crim.App.2012), Singleton maintains that the circuit court’s revocation of his probation is due to be reversed based on the illegality of the original sentence.[2]
Initially, we note that, although the legality of Singleton’s sentence was not first argued in the circuit court, we have held that “[m]atters concerning unauthorized sentences are jurisdictional.” Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994). Thus, this Court may take notice of an illegal sentence at any time. See, e.g., McCall v. State, 794 So.2d 1243 (Ala.Crim.App.2000); Pender v. State, 740 So.2d 482, 484 (Ala.Crim.App.1999).
The record indicates that Singleton pleaded guilty to attempted sexual abuse of a child less than 12 years old and that he was sentenced to 15 years’ imprisonment. The 15-year sentence was split pursuant to the Split Sentence Act, § 15-18-8, Ala.Code 1975, and Singleton was ordered to serve 1 year in prison followed by 5 years’ supervised probation.
The crime of sexual abuse of a child less than 12 years old is a Class B felony. See § 13A-6-69.1(b), Ala.Code 1975. An attempt of a Class B felony is punishable as a Class C felony, see § 13A-4-2(d)(3), Ala.Code 1975, and a person convicted of a Class C felony may be sentenced to “not more than 10 years or less than 1 year and 1 day” in prison. § 13A-5-6(a)(3), Ala. Code 1975. Section 13A-5-2(d), Ala.Code 1975, provides:
“Every person convicted of a felony, misdemeanor, or violation, except for the commission of a criminal sex offense involving a child as defined in Section 15-20-21(5), may be placed on probation as authorized by law.”
Section 15-20-21(5), Ala.Code 1975, defines a “criminal sex offense involving a child” as “a conviction for any criminal sex offense in which the victim was a child under the age of 12 and any offense involving child pornography.”[3] The Split Sen- *532 tenee Act prohibits splitting the sentence of an offender convicted of “a criminal sex offense involving a child as defined in Section 15-20-21(5), which constitutes a Class A or B felony.” § 15-18-8(a), Ala,Code 1975. Further, under the Split Sentence Act, “[probation may not be granted for a criminal sex offense involving a child as defined in Section 15-20-21(5), which constitutes a Class A or B felony.” § 15-18-8(b), Ala. Code 1975.
In this case, the record contains a pro se motion filed by Singleton in which he acknowledges that he was sentenced as a habitual felony offender. Even with one prior felony’ conviction, Singleton — who pleaded guilty to a Class C félony — could be sentenced to not more than 20 years or less than 2 years. See §§ 13A-5-9(a)(l) and 13A-5-6(a)(2), Ala.Code 1975. Therefore, contrary to Singleton’s contention on appeal, the circuit court’s 15-year sentence did not exceed the maximum authorized by law.
Furthermore, the circuit court’s imposition of a probationary term was proper. The circuit court sentenced Singleton under the Split Sentence Act. Section ‘16-18-8(b) of the Split Sentence Act prohibits the imposition of a split sentence in cases where a defendant is convicted of a criminal sex offense involving a child that constitutes a Class A or a Class B felony. However, the Split Sentence Act does not prohibit the imposition of a split sentence when the conviction os for an offense that is a Class C felony.
Although Singleton contends on appeal that the circuit court’s sentence granting him probation was illegal because § 13A-5-2(d) prohibits probation for a person convicted of a sex offense involving a child, this Court has previously recognized that the Split Sentence Act
“allows the circuit court to impose sentences that would, under other statutory sentencing schemes, be illegal. For example, under § 15-22-54(a), Ala.Code 1975, circuit courts do not have the aur thority in felony cases to impose terms of probation that exceed five years; the Split-Sentence Act, however, allows circuit courts to impose probationary terms that exceed five years. See, e.g., Hatcher v. State, 547 So.2d 905, 906 (Ala.Crim.App.1989)(Tt is clear to this Court that the legislature, in enacting the provision of § 15-18-8, intended to provide that a defendant could be sentenced to mandatory confinement for a period not exceeding three years, after which the defendant would be placed on probation for the remainder of his sentence, even if that sentence were 15 years.’).”
Mosley v. State, 187 So.3d 1194, 1202 n. 4 (Ala.Crim.App.2015).
In the instant case, Singleton was convicted of a Class C felony. See §§ 13A-6-69.1(b) and § 13A-4-2(d)(3), Ala.Code 1975. Because Singleton was convicted of a Class C felony and was sentenced under the Split Sentence Act, the circuit court properly exercised its discretion in granting Singleton a term of probation. Therefore, Singleton is not entitled to relief on this issue.
n.
Singleton also contends that the circuit court erred by revoking his probation because, he argues, "there were other measures short of confinement that would have adequately protected the community from further criminal activity by him and avoided depreciating the seriousness of the violation.” (Singleton’s brief, p. 16.)
*533 Section 15-22-54(d)(4), Ala.Code 1975, provides:
“The court shall not revoke probation and order the confinement of the probationer for violations of the conditions of probation unless the court finds on the basis of the original offense and the probationer’s intervening conduct, either of the following:
“a. No measure short of confinement will adequately protect the community from further criminal activity by the probationer.
“b. No measure short of confinement will avoid depreciating the seriousness of the violation.”
The evidentiary standard applicable to a probation revocation is:
“‘“Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime. A proceeding to revoke probation is not a criminal prosecution, and we have no statute requiring a formal trial. Upon a hearing of this character, the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt.” ’
“Martin v. State, 46 Ala.App. 310, 312, 241 So.2d 339, 341 (Ala.Crim.App.1970)(quoting State v. Duncan, 270 N.C. 241, 154 S.E.2d 53 (1967) (citation omitted)). Under that standard, the trial court need ‘only to be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation.’ Armstrong v. State, 294 Ala. 100, 103, 312 So.2d 620, 623 (1975). Absent a clear abuse of discretion, a reviewing court will not disturb the trial court’s conclusions. See Moore v. State, 432 So.2d 552, 553 (Ala.Crim.App.1983), and Wright v. State, 349 So.2d 124, 125 (Ala.Crim.App.1977).”
Ex parte J.J.D., 778 So.2d 240, 242 (Ala.2000).
In the instant case, the evidence presented to the circuit court established that Singleton violated the terms and conditions of his probation when he tested positive for cocaine, repeatedly failed to report to his probation officer or appear for drug tests, refused to submit to a polygraph test, and failed to notify his probation officer that he had changed his address. Given the nature of the underlying crime for which Singleton was on probation — attempted sexual abuse of a child less than 12 years old — and the extent of his probation violations, we cannot say that the circuit court abused its discretion when it revoked Singleton’s probation and ordered Singleton to serve the balance of his sentence in the custody of the Alabama Department of Corrections. Accordingly, the judgment of the circuit court revoking Singleton’s probation is due to be affirmed.
APPLICATION FOR REHEARING GRANTED; OPINION OF MAY 29, 2015, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
WELCH, BURKE, and JOINER, JJ., concur. WINDOM, P.J., concurs in the result.

. As a condition of his probation, Singleton was ordered to participate in a "specialized sex offender treatment program that utilizes the clinical polygraph technique as part of the treatment guidelines for sex offenders.” (C. 54.).

. For purposes of appellate review, we have combined the first and second issues raised in Singleton’s brief on appeal.

. Section 15-20-21(5) was repealed by Act No. 2011-940, Ala. Acts 2011, § 49, effective July 1, 2011, and was replaced by § 15-20A-48(a), which provides:
"For the purposes of Sections 13A-5-2, 13A-5-6, 14-9-41, 15-18-8, 15-22-27.3, or any other section of the Code of Alabama 1975, a criminal sex offense involving a child shall mean a conviction for any sex offense in which the victim was a child under the age of 12 or any offense involving child pornography.”
Because the law in effect at the time of the commission of the offense controls, § 15-20-21 (5) applies in the instant case. See Davis v. State, 571 So.2d 1287, 1289 (Ala.Crim.App.1990)("A defendant’s sentence is determined *532 by the law in effect at the time of the commission of the offense.").