Rel: February 10, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2022-2023

_____

## CR-21-0061

_____

## Gordon Douglas Lawrence

### v.

## State of Alabama

## Appeal from Covington Circuit Court
## (CC-19-113.73)

COLE, Judge.

Gordon Douglas Lawrence appeals the revocation of his probation based on his failure to submit to substance-abuse treatment and monitoring by failing to enter and complete a 12-month residential substance-abuse rehabilitation program. We reverse and remand

because the circuit court revoked Lawrence's probation based on a technical violation and because the record indicates that Lawrence was provided neither written notice of nor an explanation of the condition with which he was to comply.

Facts and Procedural History

The record indicates that Lawrence was convicted of unlawful possession of a controlled substance, a violation of § 13A-12-21, Ala. Code 1975, and was sentenced to 60 months' imprisonment on March 15, 2019. (C. 5.) Lawrence's sentence was split, and he was ordered to serve six months' imprisonment; the remainder of his sentence was suspended, and Lawrence was placed on probation for three years. (C. 5.) On July 28, 2021, Lawrence's probation officer filed a delinquency petition, alleging that Lawrence had committed a "technical violation" by failing to "submit to treatment and monitoring" as required by his "modified" conditions of probation. (C. 5.) Specifically, according to the petition, on June 10, 2020, "Lawrence's probation was modified [and he was] to complete a 12-month residential substance abuse rehabilitation program." (C. 5.) The petition also alleged that this was Lawrence's fourth probation violation, three of which were based on his failure to

submit to treatment and monitoring, and the other was based on his commission of a new criminal offense. (C. 6.) In addition, the petition alleged that Lawrence's probation had been modified twice because of his prior violations. (C. 6.)

Lawrence was represented by appointed counsel at his probation-revocation hearing, which was held on September 7, 2021. (C. 12; R. 2.) Although neither Lawrence's delinquency petition nor any court orders were admitted into evidence, the following testimony was presented.

Lawrence's original probation officer testified that he had reviewed Lawrence's <u>initial</u> probation order containing the conditions with him, and that Lawrence had signed the order. (R. 5.) Lawrence's probation order, which was admitted into evidence, required Lawrence to, among other things, generally "submit to behavioral treatment, substance-abuse treatment, Global Positioning System (GPS) monitoring and other treatment deemed necessary by the court or Probation Officer." (C. 35.)

Lawrence's current probation officer testified that this was the third delinquency petition filed against Lawrence for "failure to submit to treatment and monitoring" (R. 10) and that the instant petition was filed because Lawrence specifically "failed to complete the Hope Recovery

program." (R. 7.) His probation officer further testified that a June 10, 2021, order had "modified" Lawrence's probation, requiring Lawrence to "enter and complete a six-month residential rehab program." (R. 12.)

The drug-court coordinator testified that, after pleading guilty to another criminal offense in a different case, Lawrence was placed in the drug-court program and was "ordered to do a 12-month rehab." (R. 14.) According to her "sources," Lawrence left one program, was terminated from another program, and never began the latest program he was ordered to report to in June 2021. (R. 14-16.) In addition, the drug-court coordinator stated that she was testifying about another one of Lawrence's cases, CC-20-164. (R. 14-16.) No sentencing or probation-modification orders were admitted at Lawrence's hearing.

Lawrence did not testify at the hearing, but he argued that the State had presented "nothing other than hearsay." (R. 21.) Lawrence also argued that he had not received proper notice of the conditions of his probation because the circuit court's June 10, 2021, order "just said that he's to be held until rehab," but "[i]t doesn't say how long he's got to go, and it doesn't say where he's got to go." (R. 22.) Finally, Lawrence argued that failing to submit to treatment and monitoring is a technical offense

4

and that, even if he violated his probation, he was subject "to only a 45-day dunk" because he "had no dunks prior to this" and, further, that the "[t]ermination from alternative programs" provision of § 13A-5-8.1, Ala. Code 1975, did not apply to probation. (R. 21, 25.) The State's response was, generally, that "by not availing himself of the many opportunities he has had to go to rehab," Lawrence "has shown that he has no interest in rehab." (R. 23.) The State's only specific argument, which was unsupported by any document, was that Lawrence was to be "held in the '19 case until he … obtained bed space in a rehab ... [H]e had bed space at Hope Recovery, was released, and did not thereafter report to that program." (R. 23-24.)

On September 22, 2021, the circuit court issued a written order, finding that Lawrence had "violated the condition of his probation that he submit to treatment and monitoring as ordered by this Court by failing to enter and complete the previously-ordered twelve (12) month residential substance abuse rehabilitation program." (C. 25.) The circuit court stated that it was revoking Lawrence's probation because it believed, under "§ 13A-5-8.1, Ala. Code 1975, the limitation on revocation of probation [for technical violations] does not apply." (C. 25.)

5

On October 13, 2021, Lawrence moved the court to reconsider his probation revocation, arguing that "[t]he only evidence indicating [he] did not, in fact, enter a six (6) months' residential rehabilitation program pursuant to the June 10, 2021, probation modification order were the hearsay statements" of his probation officer. (C. 27-29.) Lawrence further argued that "[t]here was no testimony that a probation officer reviewed the probation modification dated June 10, 2021, with [him] nor was a 'probation modification order/contract' entered into evidence signed by" him, and, thus, his probation could not be revoked under Rules 27.1 and 27.6, Ala. R. Crim. P. (C. 29.) Lawrence also argued that, even if he violated probation, it was a technical violation, warranting a dunk under § 15-22-54(e), Ala. Code 1975, not revocation under § 13A-5-8.1. (C. 30-31.) The circuit court denied Lawrence's motion. (C. 42.) This appeal follows. (C. 36.)

## Standard of Review

"A probationer is entitled to minimum standards of due process, but not the higher standards of a formal trial." Beckham v. State, 872 So. 2d 208, 210 (Ala. Crim. App. 2003) (citing Williams v. State, 673 So. 2d 829, 830 (Ala. Crim. App. 1995)).

>> "'"'A proceeding to revoke probation is not a criminal prosecution, and we have no statute requiring a formal trial. Upon a hearing of this character, the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt.'"
>
> "'Martin v. State, 46 Ala. App. 310, 312, 241 So. 2d 339, 341 (Ala. Crim. App. 1970) (quoting State v. Duncan, 270 N.C. 241, 154 S.E.2d 53 (1967) (citation omitted)). Under that standard, the trial court need "only to be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation." Armstrong v. State, 294 Ala. 100, 103, 312 So. 2d 620, 623 (1975).'
>
> "Ex parte J.J.D., 778 So. 2d 240, 242 (Ala. 2000)."

Singleton v. State, 209 So. 3d 529, 533 (Ala. Crim. App. 2015).

> "Absent a clear abuse of discretion, a reviewing court will not disturb a trial court's conclusions in a probation-revocation proceeding, including the determination whether to revoke, modify, or continue the probation. See, e.g., Ex parte J.J.D., 778 So. 2d 240 (Ala. 2000) (holding that [] a trial court's order in a probation-revocation proceeding will not be reversed absent a clear abuse of discretion); and Moore v. State, 432 So. 2d 552, 553 (Ala. Crim. App. 1983), quoting Wright v. State, 349 So. 2d 124, 125 (Ala. Crim. App. 1977) ('[o]nly a gross abuse of discretion will justify the reviewing court in disturbing the trial court's conclusions.') A trial court abuses its discretion only when its decision is based on an erroneous conclusion of law or where the record contains no evidence on which it rationally could have based its decision. See State v. Jude, 686 So. 2d 528 (Ala. Crim. App.); Dowdy v. Gilbert Eng'g Co., 372 So. 2d 11 (Ala. 1979)."

7

Williams v. State, 895 So. 2d 1012, 1016 (Ala. Crim. App. 2004).

Analysis

On appeal, Lawrence argues that the circuit court abused its discretion by revoking his probation because: (1) the circuit court revoked his probation based solely on hearsay, (2) nothing in the record showed that he was provided written notice, under Rules 27.1 and 27.6(e), that he was to complete either a 12-month or a 6-month residential rehabilitation program, and (3) the circuit court erroneously relied on § 13A-5-8.1 to revoke his probation instead of ordering a "45-day dunk" as required by § 15-22-54. Each of these arguments was preserved below, both at Lawrence's probation-revocation hearing and in his timely motion to reconsider. However, this Court need not address the first issue Lawrence raises, that his revocation was based solely on hearsay,[1]

---

[1]"Hearsay evidence may be admitted in the discretion of the court, though ... hearsay evidence cannot be the sole support of revoking probation." Killeen v. State, 28 So. 3d 823, 824 (Ala. Crim. App. 2009) (emphasis added). Although "the State does not have to prove every element of the alleged new [violation] [at a probation-revocation hearing] with nonhearsay evidence," "the State must present sufficient nonhearsay evidence connecting the defendant to the commission of the alleged new [violation]." Walker v. State, 294 So. 3d 825, 832 (Ala. Crim. App. 2019).

because his second and third arguments require the reversal of his probation revocation for the reasons set forth below.

Lawrence argues that he did not receive proper written notice, as required by Rules 27.1 and 27.6(e), Ala. R. Crim. P., of the modification of his conditions of probation, allegedly requiring him to complete a residential rehabilitation program of any length, much less a 12-month program. Accordingly, Lawrence argues that the circuit court abused its discretion by revoking his probation. We agree.

Rule 27.1 provides that "the court may impose on the probationer such conditions and regulations as will promote the probationer's rehabilitation and protect the public." However,

"[a]ll conditions of probation must be incorporated into a court's written order of probation, and a copy thereof must be given to the probationer. In addition, the court or probation officer shall explain to the probationer the purpose and scope of the imposed conditions and regulations and the consequence of probationer's violation of those conditions and regulations."

Id. (emphasis added). Likewise, Rule 27.2, Ala. R. Crim. P., requires that a probationer be given a "written copy of any order of modification or clarification." (Emphasis added.) Finally, Rule 27.6(e) expressly states that "probation shall not be revoked for violation of a condition or

9

regulation if the probationer had not received a <u>written</u> copy of the condition or regulation." (Emphasis added.) Moreover, as this Court has explained: "The requirement that a probationer receive a written copy of the terms and conditions of probation is <u>mandatory</u>." <u>Grice v. State</u>, 275 So. 3d 1167, 1169, (Ala. Crim. App. 2018) (emphasis added) (citing <u>Byrd v. State</u>, 675 So. 2d 83 (Ala. Crim. App. 1995)).

At Lawrence's hearing, Lawrence's initial probation order (requiring him to generally submit to substance-abuse treatment and monitoring) was entered into evidence. Lawrence's original probation officer testified that Lawrence received those conditions of probation, reviewed them, and signed the order. However, no written order modifying Lawrence's probation to require him to enter any specific rehabilitation program for any specified time to remain on probation was ever entered into evidence. Nor was any evidence presented to show that Lawrence was ever provided <u>written</u> notice, or <u>any</u> notice, of any of the circuit court's modifications of his conditions of probation. Likewise, there was never any testimony from his probation officer that she had reviewed any modified probation requirements with Lawrence as required by Rule 27.1. Moreover, the circuit court never took judicial

notice that it had previously provided Lawrence written notice of any modifications, much less the specific 12-month requirement, which provided the basis for the circuit court's revocation of Lawrence's probation.

The record in this case indicates only confusion as to what was required of Lawrence to remain on probation, and in which of Lawrence's cases. Specifically, Lawrence's probation officer testified that he was required to "enter and complete a 6-month residential rehabilitation program (R. 12)," but the drug-court coordinator testified that Lawrence was ordered to complete a 12-month program, although she testified that was in an entirely different case. (R. 14.) (Emphasis added.) When Lawrence's counsel argued at the hearing that Lawrence had no notice of what was required of him as far as "how long" and "where" he was to participate in a rehabilitation program, the State was unable to provide any specific details, stating only that Lawrence was to enter "Hope Recovery" "in the '19 case" when it had "bed space."[2] (R. 22-24.) Despite

---

[2]The drug-court coordinator testified that Lawrence was "released on June 10th to report to rehab. And it was our understanding that he would be reporting to Hope Recovery because we had an admission letter … that they had accepted him back into their program." (R. 15.) The coordinator further testified that she was later "notified by Kayla at

the lack of notice and the obvious confusion as to the terms of the conditions of Lawrence's probation, the circuit court revoked Lawrence's probation because, it found, he had violated probation by not completing a <u>12-month</u> residential rehabilitation program. (C. 25.)

The confusion in this record supports Lawrence's assertion, both below and on appeal, that he did not receive proper written notice of his probation requirements under Rules 27.1 and 27.6 (e). Nor was the 12-month-residential-rehabilitation condition of probation and the potential consequences of noncompliance explained to Lawrence as required by Rule 27.1. Indeed, the parties and the circuit court disagreed as to the condition of probation Lawrence was to comply with in this case. We note that this confusion is exactly what the rules seek to prevent. The Committee Comments explain that the purpose of Rule 27.1 is "to reinforce the probationer's understanding … and the expectation of the court" and, thereby "alleviate the court's and the probation officer's supervisory burden by eliminating some <u>unnecessary violations caused</u>

---

probation … that [Lawrence] never reported." (R. 15.) Notably, there was no testimony that Lawrence's "admission letter" meant the facility currently had "bed space." Nor was there any nonhearsay evidence that Lawrence did not report to that facility.

12

by probationer's lack of understanding." (Emphasis added.) In sum, the circuit court abused its discretion by revoking Lawrence's probation based on his failure to complete a probation condition for which he had received neither written notice nor an explanation of the condition and the consequences of noncompliance as required by Rules 27.1 and 27.6(e).

In finding that the circuit court abused its discretion in revoking Lawrence's probation, we reject the State's request for us to take judicial notice of the circuit court's records in this and other cases involving Lawrence that, according to the State, would show that the circuit court issued written orders modifying Lawrence's probation. Although this Court may take judicial notice of its own records, an appellate court may not ordinarily take judicial notice of another court's records. As the Alabama Supreme Court has stated:

> "'It has long been our rule that an appellate court may not rely on facts outside the record .... Moreover, a court may not ordinarily take judicial notice of the records of another court. See Belyeu v. Boman, 41 So. 2d 290, 291 (1949) (holding that the Supreme Court of Alabama may not take judicial notice of the records of the circuit court unless those records appear in the clerk's record or in the records of the Supreme Court); Worthington v. Amerson, 741 So. 2d 437, 438 n. 2 (Ala. Civ. App. 1999) ("Generally, a court may not take judicial notice of the records of another court.").'"

Green Tree-AL LLC v. White, 55 So. 3d 1186, 1193 (Ala. 2010) (quoting Ex parte Jett, 5 So. 3d 640, 645-46 (Ala. 2007) (See, J., concurring specially)). Thus, this Court will not take judicial notice of the circuit court's records in other cases involving Lawrence. We note, however, that nothing prevents the circuit court from taking judicial notice of its own records on remand and putting that notice on the record for potential appellate review. But, we caution that, even if a written order modifying Lawrence's probation was issued in another case, that order alone may not establish that Lawrence received written notice as required for revocation under Rules 27.1 and 27.6(e) or that "the court or probation officer [] explain[ed] to [Lawrence] the purpose and scope of the imposed conditions and regulations and the consequences of [his] violation of those conditions" under Rule 27.1.

Lawrence also argues that the circuit court abused its discretion by revoking his probation under § 13A-5-8.1 instead of ordering a 45-day dunk under § 15-22-54(e)(1)(d), Ala. Code 1975. We agree.

Section 15-22-54 expressly governs the "[p]eriod of probation; termination of probation; violation of terms of probation; sanctions." Section 15-22-54(e) specifically governs the actions a circuit court may

take upon "finding sufficient evidence to support a probation violation." According to § 15-22-54(e)(1)(b), "[i]f the underlying offense was a violent offense as defined in Section 12-25-32[, Ala. Code 1975,] and classified as a Class A felony, a sex offense pursuant to Section 15-20A-5, [Ala. Code 1975,] or aggravated theft by deception pursuant to Section 13A-8-2.1, [Ala. Code 1975,] [upon a finding that the defendant has violated his probation,] the court shall revoke probation and require the probationer to serve the balance of the term for which he or she was originally sentenced." Likewise, § 15-22-54(e)(1)(c) provides that, "[i]f the probation violation was for being arrested or convicted of a new offense or absconding, the court may revoke probation and require the probationer to serve the balance of the term for which he or she was originally sentenced." However, "[f]or all other probationers, the court may impose a period of confinement of no more than 45 consecutive days to be served in a residential transition center … or a consenting county jail." § 15-22-54(e)(1)(d) (emphasis added). Moreover, the probation-violation statute expressly provides that "[t]he court may not revoke a probation [for a technical violation] unless the defendant has previously received a total of three periods of confinement." § 15-22-54(e)(2) (emphasis added).

15

The record indicates that Lawrence was serving probation for a Class D felony drug offense and that he violated probation by committing a "technical violation." The record does not indicate that the court took judicial notice that Lawrence had received 3 prior 45-day dunks as allowed by § 15-22-54(e)(2). Accordingly, had Lawrence received proper written notice and an explanation of his probation modification and sufficient evidence had been shown that he did not comply, Lawrence would be subject to confinement for "no more than 45 consecutive days," not revocation as ordered by the circuit court.

In arguing that Lawrence was subject to revocation, as opposed to a 45-day "dunk," the State asked the circuit court to apply § 13A-5-8.1 to Lawrence's technical violation instead of § 15-22-54. The circuit court's written order expressly applied § 13A-5-8.1, Ala. Code 1975, in revoking Lawrence's probation. The State's continued argument on appeal, that Lawrence's probation could be revoked under § 13A-5-8.1 because Lawrence failed to complete a court-ordered alternative-treatment program, is not well taken. We find that the circuit court abused its discretion by applying § 13A-5-8.1 which, by its plain language, is a

16

sentencing statute, instead of § 15-22-54 which, by its plain language, is a probation statute.

The "fundamental principles of statutory construction" are well established.

> "'"It is this Court's responsibility to give effect to the legislative intent whenever that intent is manifested. State v. Union Tank Car Co., 281 Ala. 246, 201 So. 2d 402, 403 (1967). When interpreting a statute, this Court must read the statute as a whole because statutory language depends on context; we will presume that the Legislature knew the meaning of the words it used when it enacted the statute. Ex parte Jackson, 614 So. 2d 405, 406-07 (Ala. 1993). Additionally, when a term is not defined in a statute, the commonly accepted definition of the term should be applied. Republic Steel Corp. v. Horn, 268 Ala. 279, 105 So. 2d 446, 447 (1958). Furthermore, we must give the words in a statute their plain, ordinary, and commonly understood meaning, and where plain language is used we must interpret it to mean exactly what it says. Ex parte Shelby County Health Care Auth., 850 So. 2d 332 (Ala. 2002)."'"
>
> "'Bean Dredging, L.L.C. v. Alabama Dep't of Revenue, 855 So. 2d 513, 517 (Ala. 2003).'"

Berry v. State, 299 So. 3d 336, 341 (Ala. Crim. App. 2020) (quoting Ex parte Chesnut, 208 So. 3d 624, 640 (Ala. 2016) (emphasis added)).

By its express terms, § 15-22-54 applies to probation -- "Periods of probation; termination of probation; violation of terms of probation;

sanctions." In addition, this statute is found in the chapter of the Alabama Code entitled, "Pardons, Paroles, and Probation." Moreover, the article is specifically entitled, "Probation." When read as a whole, and by its plain language, everything in the statute addresses "probation" and "probationers." For example, the statute provides that, if probation is revoked, the probationer may "serve the balance of the term for which he or she was originally sentenced." § 15-22-54(e)(1).

By contrast, § 13A-5-8.1, although entitled, "Termination from alternative programs," is located in the chapter entitled, "Punishments and Sentences." By its language and read as a whole, the statute applies to "defendants," not probationers. In fact, § 13A-5-8.1 does not use the word "probation," or any derivative thereof, once, but, rather, refers to confinement and the imposition of sentences that comply with "Section 13A-5-6, [Ala. Code 1975, establishing the minimum and maximum penalties for felonies], Section 13A-5-9, [Ala. Code 1975, establishing sentences for the habitual felony offenders], or the sentencing guidelines." The statute also provides that courts may impose a "split sentence" or, notably, allows a defendant's "sentence" to be "suspend[ed]" in accordance with § 15-22-50, Ala. Code 1975, a probation statute.

18

Finally, § 13A-5-8.1 notes that nothing limits a court's discretion to order a "defendant" to participate in a rehabilitative, or other alternative program, "whether <u>pre-trial</u>, <u>pre-trial</u> adjudication, or as a <u>condition of bond</u>." (Emphasis added.) There is no indication that the Alabama Legislature intended § 13A-5-8.1 to apply to probation revocations. This Court thus agrees with Lawrence that § 13A-5-8.1 does not apply to probationers but, rather, to "defendants" who are ordered into an alternative program "pre-trial" or "as a condition of bond" and who may be <u>sentenced</u> after termination from such a program. <u>See, e.g.</u>, <u>Duncan v. State</u>, 277 So. 3d 995, 1000 (Ala. 2018) (holding that § 13A-5-8.1 authorizes a "sentencing court" to <u>sentence</u> a defendant who was terminated from a drug-court program to prison or another "jail-type institution").

In sum, probation violations are governed by § 15-22-54(e), a probation statute, not by § 13-5.8.1, a sentencing statute. Under § 15-22-54(e), in the absence of proof that Lawrence had absconded from supervision, his probation could not be revoked based on a technical violation in the absence of evidence that he had previously received three "45-day dunks" for technical violations or unless Lawrence's underlying

19

offense was listed in § 15-22-54(e)(1)(b), which it is not. Thus, the circuit court erred by revoking Lawrence's probation.

Conclusion

The circuit court abused its discretion by revoking Lawrence's probation for his failure to complete a 12-month residential rehabilitation program when the record indicates that Lawrence was not provided proper written notice of the modification of his probation to include this specific condition. The circuit court also erred by revoking Lawrence's probation for a technical violation based on a statute that is inapplicable to probation. For these reasons, we reverse the circuit court's order revoking Lawrence's probation, and we remand this case for probation-revocation proceedings consistent with this opinion.

On remand, the circuit court may conduct a new revocation hearing, and the State may present evidence, "if it desires," that Lawrence received written notice of the modified condition of his probation and that either the court or a probation officer notified Lawrence of the condition, as well as evidence that Lawrence violated that condition of probation. See Ex parte Belcher, 556 So. 2d 366, 369 (Ala. 1989). Any further revocation for technical violations would be subject to the limitations

outlined in § 15-22-54. We also note that "[o]ur remand of the case is without prejudice to the State's right to amend its petition to revoke [Lawrence's] probation to include matters that may have transpired since the time of the holding of the first revocation hearing." Id. at 369.

REVERSED AND REMANDED.

Windom, P.J., and Kellum, McCool, and Minor, JJ., concur.