Rel: March 28, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

————————————————

### CR-2024-0283

————————————————

### David Lee Fitts

### v.

### State of Alabama

### Appeal from Etowah Circuit Court
### (CC-20-420.70 and CC-21-1431.70)

ANDERSON, Judge.

David Lee Fitts appeals the Etowah Circuit Court's order revoking his probation. On appeal, Fitts argues that the circuit court abused its discretion in revoking his probation because, he says, the State did not

present nonhearsay evidence indicating that he had absconded. This Court agrees. Thus, for the following reasons, we reverse and remand.

In June 2022, Fitts pleaded guilty to two counts of possession or receipt of a controlled substance. (C. 8.) He received a two-year suspended sentence and was placed on two years' probation. (C. 8.) In April 2023, Probation Officer Scottie Waldrep drafted a delinquency report alleging that Fitts had violated the conditions of his probation by absconding. (C. 7.) Specifically, the report alleged that, after initially reporting following his graduation from a drug-treatment program in February 2023, Fitts ceased contact with Probation Officer Waldrep. (C. 7.) According to the report, Probation Officer Waldrep "contacted all [of Fitts's] phone contacts[,] and [Fitts] ... failed to return [the] calls." (C. 7.) But Fitts's "wife did call [Probation Officer Waldrep] back and said that [Fitts] ha[d] left her and [wa]s back on drugs." (C. 7.) The report further alleged that, in April 2023, Probation Officer Waldrep "conducted a home visit at Fitts['s] residence and spoke to his sister. She advised that he moved to Attalla, A[labama,] but didn't know the address." (C. 7.) Probation Officer Waldrep also stated that he "checked all the local jails to ensure [Fitts] ha[d] not been held." (C. 7.) Probation Officer Waldrep concluded that

"Fitts [wa]s actively avoiding his supervision by making his whereabouts unknown and again making it difficult for [him] to keep up with [Fitts]." (C. 7.)

Following Fitts's arrest, the circuit court held a revocation hearing. The State's lone witness was Probation Officer Courtney Swain. (R. 6.) He testified that Fitts was supervised out of Marshall County, that a "petition was filed because [Fitts] failed to report as instructed, [and that] his whereabouts w[ere] unknown to the officer in Marshall County." (R. 6-7.) Probation Officer Swain also confirmed that records showed Fitts had last reported in February 2023 and that during a home visit people at his listed residence indicated that he no longer lived there. (R. 7.)

On cross-examination, Probationer Officer Swain conceded that he had never spoken with Fitts because he "ha[d] a Marshall County officer supervising him, and the report was filed by that officer." (R. 8.) He further confirmed that he did not speak with Probation Officer Waldrep and that, "based on the report that the officer submitted, what the findings were, [he] submitted [them] to the [c]ourt." (R. 9.)

Fitts's counsel subsequently argued that the State had presented no nonhearsay evidence indicating that Fitts had absconded:

> "[A]ny proof of absconding or even the failure to report is based on hearsay. ... There's been no direct testimony today other than what someone else has done or someone else has written or someone else has gone to a residence or someone else has made a phone call. So everything that the probation officer here is stating is hearsay. While hearsay is allowed, hearsay can't be the only basis for revocation."

(R. 11-12.) Cocounsel likewise asserted that the State had not presented any nonhearsay evidence of Fitts's alleged absconding: "[T]hey've offered no testimony that they've had any interaction with him, other than just what he's been doing in Marshall County. No one from Marshall County is here." (R. 12-13.) The circuit court concluded, however, that, "[b]ased upon the report ... of Scott[ie] Waldr[e]p in the Marshall County office of the Bureau of Pardons and Paroles, as relayed by Officer Swain, the [c]ourt finds that the charge of absconding is sustained. ... The Defendant is revoked to his underlying sentence." (R. 15-16.) The circuit court repeated its decision in a written order. (C. 33.) Fitts later moved the circuit court to set aside its revocation order, again arguing that the State had not presented any nonhearsay evidence indicating that he had absconded. (C. 34-35.) The circuit court denied Fitts's motion (C. 38), and this appeal followed.

4

On appeal, Fitts argues (1) that the circuit court's ruling was solely based on hearsay evidence, (2) that the circuit court did not conduct a proper revocation hearing, and (3) that the circuit court's revocation order was deficient. Because this Court agrees that the State presented no nonhearsay evidence indicating that Fitts had absconded, we need not address Fitts's other arguments.

In probation-revocation proceedings, "'the [circuit] court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt.'" Lawrence v. State, 389 So. 3d 1237, 1241 (Ala. Crim. App. 2023) (quoting Singleton v. State, 209 So. 3d 529, 533 (Ala. Crim. App. 2015)). Instead, "'"the [circuit] court 'need only ... be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation.'"'" Id. (citations omitted).

"'"It is well settled that hearsay evidence may not form the sole basis for revoking an individual's probation."'" McCary v. State, 385 So. 3d 584, 586 (Ala. Crim. App. 2023) (quoting Corbitt v. State, 369 So. 3d 682, 685 (Ala. Crim. App. 2022)). That being said, "'"hearsay evidence is admissible in a revocation proceeding,"'" and "'a combination of both

hearsay and nonhearsay evidence may be sufficient to warrant revocation.'" Id. (citations omitted). When the State "'"presents a mixture of hearsay and nonhearsay evidence to show that a defendant violated his probation by committing a new offense, the circuit court cannot revoke a defendant's probation for that violation unless the nonhearsay evidence connects the defendant to the alleged offense."'" Id. (citations and emphasis omitted); see also Sams v. State, 48 So. 3d 665, 670 (Ala. 2010).

In McCary, the defendant's probation officer filed a delinquency report alleging that he had absconded. Id. at 585. At the revocation hearing, the State presented two probation officers as witnesses, but their testimony was solely based on the delinquency report, which was filed by a different probation officer. Id. The two probation officers even conceded that they had no firsthand knowledge of the defendant's alleged violation, and the probation officer that authored the delinquency report did not testify. Id. The defendant's attorney moved to dismiss the case and argued that hearsay evidence could not form the sole basis of the revocation of the defendant's probation. Id. But the circuit court denied the motion and ultimately revoked the defendant's probation. Id.

6

This Court held that the circuit court had erred in revoking the defendant's probation because the State had failed to present any nonhearsay evidence indicating that the defendant had absconded. Id. at 586. It noted that the State's two witnesses, by their own admission, had no firsthand knowledge of the alleged violation. Id. It also noted that the witnesses' knowledge of the alleged violation came from the delinquency report, which was authored by a third person who did not testify at the hearing. Id.

Here, like in McCary, the State did not present any nonhearsay evidence supporting its allegation that Fitts had absconded. The State's lone witness, Probation Officer Swain, based his testimony on the delinquency report and records entered by Probation Officer Waldrep (R. 9), and Probation Officer Waldrep did not testify. Probation Officer Swain also conceded that he had never spoken with Fitts because he was supervised by Probation Officer Waldrep in Marshall County and that he had never spoken with Probation Officer Waldrep about Fitts's alleged violation. (R. 8-9.)

Though the circuit court's order was based on Probation Officer Waldrep's report "as relayed by Officer Swain," the State argues that

7

"[t]he fact that it took eight months to locate and arrest Fitts on the probation violation writ was sufficient corroboration of the reliable hearsay evidence that Fitts had absconded." (State's brief at 9.) We disagree. Although Probation Officer Swain confirmed that Fitts was arrested in February 2024 (R. 10), the officer conceded that the only information he possessed about Fitts's case was the report on a delinquent probationer filed by a probation officer in another county. (R. 9.) In fact, Officer Swain testified that "anything that ha[d] been done or been searched … or anything else was done by an officer" in that other county. (Id.); cf. Ex parte Phillips, 287 So. 3d 1179, 1208 (Ala. 2018) (quoting Stephens v. First Commercial Bank, 45 So. 3d 735, 738 (Ala. 2010)) ("'[I]f [the witness] is testifying based upon his personal knowledge and not merely repeating the contents of documents, his statements are by definition not hearsay.'"). Further, the circuit court did not cite the "apparently acknowledged" absconding as a basis for revoking Fitts's probation but, rather, as a reason for departing from Probation Officer Waldrep's recommendation. (R. 15.) Finally, the State cites no specific authority establishing, or even suggesting, that the bare fact that a period passed between the issuance of an arrest warrant and

8

a probationer's arrest can constitute nonhearsay evidence of absconding.

(State's brief at 9.) As this Court has previously said:

> "'If merely being arrested is sufficient for revocation, then revocation would lie within the discretion of police officers, rather than judicial officers. In such a case, judges would only perform the ministerial duty of determining if an arrest had been made and then signing the revocation order. The decision to revoke probation is a judicial function and should be based on the appellant's conduct and not upon an accusation only. The State must submit enough substantive evidence to reasonably satisfy the trier of facts that a condition of probation was breached.'"

Mitchell v. State, 462 So. 2d 740, 742 (Ala. Crim. App. 1984) (quoting Hill v. State, 350 So. 2d 716, 718 (Ala. Crim. App. 1977)).

Therefore, because the State failed to present any nonhearsay evidence indicating that Fitts had absconded, the circuit court abused its discretion by revoking Fitts's probation. Accordingly, this Court reverses the circuit court's order revoking Fitts's probation and remands this case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Windom, P.J., and Kellum, Cole, and Minor, JJ., concur.